# EXHIBIT 8

| | |
|---|---|
| **From:** | Barger, David G. (Shld-NVA-LT) |
| **To:** | dominic.holden@burlingtons.legal; charlotte.tyrrell@burlingtons.legal; luke.hackett@burlingtons.legal |
| **Subject:** | FW: Our Client: Mr Farhad Azima |
| **Date:** | Monday, June 28, 2021 10:51:54 PM |
| **Attachments:** | image432875.png |
| | image001.png |
| | 2021 06 25 Letter to AH (1782).docx.pdf |
| | 2021 06 25 Application for Order to take discovery pursuant to 28 USC 1782 (2).pdf |

Dear Mr. Holden, my client, Amir Handjani has forwarded me your correspondence requesting his consent to your filing a Section 1782 request to issue a Rule 45 subpoena, and requesting an answer by Tuesday. I respectfully request that you send us a copy of your proposed subpoena so that I may more fully evaluate your request and substantively respond.  Because of my schedule, I should be able to respond by the end of the week and would ask your indulgence. Please let me you your position on my requests. Regards. David.



**David G. Barger**
Shareholder,
Chair, Tysons Litigation Group
Greenberg Traurig, LLP | 1750 Tysons Boulevard, Suite 1000 | McLean, VA 22102
Tel 703.749.1307 | Fax 703.714.8307
bargerd@gtlaw.com | www.gtlaw.com

ALBANY · AMSTERDAM · ATLANTA · AUSTIN · BOSTON · CHICAGO · DALLAS · DELAWARE · DENVER · FORT LAUDERDALE · HOUSTON · LAS VEGAS · LONDON* · LOS ANGELES · MEXICO CITY* · MIAMI · NEW JERSEY · NEW YORK · NORTHERN VIRGINIA · ORANGE COUNTY · ORLANDO · PALM BEACH COUNTY · PHILADELPHIA · PHOENIX · SACRAMENTO · SAN FRANCISCO · SEOUL* · SHANGHAI · SILICON VALLEY · TALLAHASSEE · TAMPA · TEL AVIV* · TOKYO* · WARSAW* · WASHINGTON, D.C. · WESTCHESTER COUNTY
*LONDON: OPERATES AS GREENBERG TRAURIG MAHER LLP; MEXICO CITY: OPERATES AS GREENBERG TRAURIG, S.C.; SEOUL: OPERATED BY GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE; TEL AVIV: A BRANCH OF GREENBERG TRAURIG, P.A., FLORIDA, USA; GREENBERG TRAURIG TOKYO LAW OFFICES ARE OPERATED BY GREENBERG TRAURIG HORITSU JIMUSHO, AN AFFILIATE OF GREENBERG TRAURIG, P.A. AND GREENBERG TRAURIG, LLP; WARSAW: OPERATES AS GREENBERG TRAURIG GRZESIAK SP.K.
**STRATEGIC ALLIANCE WITH AN INDEPENDENT LAW FIRM**
MILAN · ROME
PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS EMAIL



---------- Forwarded message ---------
From: **Dominic Holden** <dominic.holden@burlingtons.legal>
Date: Fri, Jun 25, 2021 at 6:26 PM
Subject: Our Client: Mr Farhad Azima
To: Ahandjani@gmail.com <Ahandjani@gmail.com>
CC: Charlotte Tyrrell <charlotte.tyrrell@burlingtons.legal>, Luke Hackett <luke.hackett@burlingtons.legal>

**Dear Sir,**

Please see the attached letter and enclosure.

Yours faithfully,

**BURLINGTONS LEGAL LLP**

**Dominic Holden**
*Partner, Head of Litigation*
Burlingtons Legal LLP

E:  dominic.holden@burlingtons.legal
M: 07863 174 364
T:  020 7529 5420
A:  5 Stratford Place, London, W1C 1AX
DX 82986 Mayfair



Fraud and cybercrime pose an increasing risk when carrying out transactions online. If a member of Burlingtons Legal LLP has given you our bank details (or you have them on our Invoice or Engagement Letter) and you then receive an email or telephone call purporting to be from someone at Burlingtons Legal LLP directing you to make a payment to a different bank you must ignore it completely and immediately contact us.

This message is private and confidential and may be legally privileged. Any sharing of this message or its contents is prohibited unless approved by Burlingtons Legal LLP. If you have received this message in error, please notify the sender and destroy the message and any attachments. This email is sent on behalf of Burlingtons Legal LLP, a limited liability partnership trading as Burlingtons. Burlingtons Legal LLP is a corporate body owned by its members. Where used, the term "Partner" refers to one of the members or an employee who is a senior professional. The use of this term does not imply that Burlingtons Legal LLP is a general partnership under the Partnership Act 1890.

Burlingtons Legal LLP is registered in England and Wales (registered number OC360876) and its registered office is 5 Stratford Place, London, W1C 1AX. A list of members' names is available for inspection at our registered office. Burlingtons Legal LLP is authorised and regulated by the Solicitors Regulation Authority with authorisation number 558409. Our professional rules may be accessed at http://www.sra.org.uk.

--

Sent from Gmail Mobile



**BURLINGTONS**

LEGAL

Mr Amir Handjani

Date: 25 June 2021
Our Ref: DPRH/AZI3.2

BY EMAIL ONLY: Ahandjani@gmail.com

Dear Mr. Handjani,

**RE: RAKIA -v- FARHAD AZIMA (CLAIM NO. HC-2016-002798)**

As you know, we act for Mr Farhad Azima.

You are familiar with the proceedings between Ras Al Khaimah Investment Authority and our client, having appeared as a witness for RAKIA in the first trial of the dispute in January / February 2020.

You may also be aware that the English Court of Appeal has recently ordered that there be a retrial of Mr. Azima's hacking claim against RAKIA.

As part of the retrial, Mr. Azima is intending to apply for an order under 28 U.S.C. § 1782 to issue a subpoena (pursuant to Federal Rule of Civil Procedure 45) directing you to produce documents and submit to a deposition for use in connection with the retrial.

As a courtesy, we attach a draft of the application and proposed order and seek your consent to our client's request to conduct the discovery discussed in the application. We would appreciate a response by close of business US time on Tuesday.

We urge you to take independent legal advice on the meaning and effect of this letter.

All our client's rights and remedies are reserved.

Yours faithfully,

*Burlingtons Legal LLP*

**BURLINGTONS LEGAL LLP**

**E** dominic.holden@burlingtons.legal / charlotte.tyrrell@burlingtons.legal

---

5 Stratford Place, London W1C 1AX

Representative offices:
Almaty, Geneva, Gibraltar, Malta, Moscow, St. Petersburg

Tel:  +44 (0) 207 529 5420
Fax:  +44 (0) 207 495 7450
DX:   82986 Mayfair
Web:  www.burlingtons.legal

Burlingtons Legal LLP is a limited liability partnership trading as Burlingtons and registered in England and Wales with registered number OC360876 whose registered office is at 5 Stratford Place, London W1C 1AX. Burlingtons Legal LLP is regulated and authorised by the Solicitors Regulation Authority with authorisation number 558409. A list of the members of Burlingtons Legal LLP together with those non-members who are designated as partners is open to inspection at the registered office.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| *In re:* Application Pursuant to 28 U.S.C.§ 1782 of | ) ) ) |  |
| FARHAD AZIMA 5921 Ward Parkway Kansas City, Missouri 64113 | ) ) ) ) | No. 21 mc- |
| Petitioner, | ) ) ) |  |
| v. | ) ) |  |
| AMIR HANDJANI 290 West Street, Apartment 6A New York, NY, 10013 | ) ) ) ) |  |
| Respondent. | ) ) ) |  |

**APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO
28 U.S.C. § 1782**

Farhad Azima respectfully moves for an order pursuant to 28 U.S.C. § 1782 to allow him to issue subpoenas pursuant to Federal Rule of Civil Procedure 45 directing Amir Handjani to produce documents and submit to a deposition for use in connection with a case pending in the High Court of Justice of England and Wales (the "UK Court") in two actions styled *Farhad Azima-v-(1) Dechert LLP (2) Neil Gerrard (3) James Buchanan (4) Stuart Page* (Claim Number: BL-2021-000666) *and Farhad Azima -v- (1) RAKIA (2) Stuart Page (3) Neil Gerrard (4) Dechert LLP and (5) James Edward Deniston Buchanan* (Claim Number: HC-2016-002798).

As explained in the accompanying memorandum of law and declaration of Dominic Holden, Mr. Azima's application satisfies all three statutory requirements necessary to obtain discovery under § 1782: "(1) that the person from whom discovery is sought reside (or be found)

in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or 'any interested person.'" *In re Application of Schmitz*, 259 F.Supp.2d 294, 296 (S.D.N.Y. 2003) (quoting *In re Edelman*, 295 F.3d 171, 175 (2d Cir. 2002)). Specifically, Mr. Handjani resides and can be found in the Southern District of New York; Mr. Azima seeks this discovery for use in a proceeding pending before a foreign tribunal, the UK Court; and Mr. Azima is an "interested person," as the plaintiff in the UK proceeding.

In addition, the four discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), all weigh in favor of granting this Application. Mr. Handjani is not a party to the proceedings before the UK Court; the UK Court is not opposed to this form of discovery; Mr. Azima is not concealing an attempt to circumvent the requirements of the UK Court; and the discovery sought is narrowly tailored so as not to be unduly burdensome to Mr. Handjani.

Thus, Mr. Azima respectfully requests this Court to enter an order:

1. Granting Mr. Azima's Application for discovery from Mr. Handjani pursuant to 28 U.S.C. § 1782;

2. Authorizing Mr. Azima to take discovery from Mr. Handjani relating to the issues identified in his Application, including issuing subpoenas for a deposition and the production of documents in the form of the proposed subpoenas;

3. Directing Mr. Handjani to comply with such subpoenas in accordance with the Federal Rules of Civil Procedure and the Rules of this Court; and

4. Appointing the undersigned to issue, sign and serve such subpoenas upon Mr. Handjani.

2671154.2

Respectfully submitted,


_____
Kirby D. Behre
Brian A. Hill
Timothy P. O'Toole
Ian Herbert
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C.  20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

Dated: June __, 2021

3

2671154.2

## CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2021, I caused a true and correct copy of (1) Farhad Azima's Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782, (2) Farhad Azima's Memorandum of Law in support of his Application, (3) Declaration of Dominic Holden in support of the Application, and (4) a proposed order granting the Application, to be sent via Federal Express, overnight delivery to the following addresses:

Amir Handjani
290 West Street, Apartment 6A
New York, NY, 10013

Amir Handjani
122 E. 42nd Street, Suite 2005
New York, NY 10168

C-1

2671154.2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA
5921 Ward Parkway
Kansas City, Missouri 64113

No. 21 mc-

             Petitioner,

    v.

AMIR HANDJANI
290 West Street, Apartment 6A
New York, NY, 10013

             Respondent.

## [PROPOSED] ORDER

Upon consideration of Farhad Azima's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782, the accompanying memorandum of law and the supporting declaration of Dominic Holden, the Court finds that it is within its authority and discretion to grant the application requested, as the requirements of 28 U.S.C. § 1782 have been satisfied. Therefore, it is HEREBY ORDERED THAT:

1.    Farhad Azima's application for discovery from Respondent Amir Handjani pursuant to 28 U.S.C. § 1782 is granted;

2.    Farhad Azima is authorized pursuant to 28 U.S.C. § 1782 to take discovery from Amir Handjani relating to the issues identified in its application, including issuing the subpoenas for a deposition and the production of documents in the form attached to the application;

3.    Respondent is directed to comply with such subpoenas in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

2671154.2

4.      Counsel for Farhad Azima is appointed to issue, sign and serve such subpoenas upon Respondent.

Signed this ___ day of 2021.

So Ordered

_____

2671154.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C.§ 1782 of<br><br>FARHAD AZIMA<br>5921 Ward Parkway<br>Kansas City, Missouri 64113<br><br>              Petitioner,<br><br>    v.<br><br>AMIR HANDJANI<br>290 West Street, Apartment 6A<br>New York, NY, 10013<br><br>              Respondent. | No. 21 mc- |

## MEMORANDUM OF LAW IN SUPPORT OF FARHAD AZIMA'S
## APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

2671154.2

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ..................................................................................................... 2

II.    BACKGROUND ........................................................................................................ 3

       A.    History of the UK Proceedings ..................................................................... 3

       B.    Mr. Azima's Amended Counterclaim ............................................................ 4

       C.    The Discovery Requested .............................................................................. 7

III.   ARGUMENT ............................................................................................................. 8

       A.    Mr. Azima's Application Satisfies All of the Statutory Requirements of 28
             U.S.C. § 1782 ................................................................................................. 9

             1.    Mr. Handjani Resides or is Found in this District ............................ 9

             2.    The UK Proceedings Are Before a Foreign Tribunal ...................... 10

             3.    As a Litigant in the UK Proceedings, Mr. Azima is an "Interested
                   Party" .............................................................................................. 10

       B.    The *Intel* Discretionary Factors Weigh in Favor of Granting Mr. Azima's
             Application ................................................................................................... 10

             1.    Mr. Handjani is Not a Participant in the UK Proceedings .............. 11

             2.    The UK Court is Not Resistant to § 1782 Discovery ...................... 11

             3.    Mr. Azima Is Not Concealing an Attempt to Circumvent Any UK
                   Court Proof-Gathering Restrictions ............................................... 13

             4.    The Discovery Mr. Azima Seeks is Relevant and Narrowly
                   Tailored ........................................................................................... 14

IV.    CONCLUSION ........................................................................................................ 15

2671154.2

I.      **INTRODUCTION**

Farhad Azima respectfully submits this memorandum of law in support of his application pursuant to 28 U.S.C. § 1782 for an order directing Amir Handjani to produce a limited number of documents and submit to a deposition in connection with a pending case in the High Court of Justice of England and Wales (the "UK Court") in two actions styled *Farhad Azima-v-(1) Dechert LLP (2) Neil Gerrard (3) James Buchanan (4) Stuart Page* (Claim Number: BL-2021-000666) and *Farhad Azima -v- (1) RAKIA (2) Stuart Page (3) Neil Gerrard (4) Dechert LLP and (5) James Edward Deniston Buchanan* (Claim Number: HC-2016-002798) (collectively the "UK Proceedings"). In the case before the UK Court, Mr. Azima seeks to hold the defendants accountable under US and UK law for the unlawful hacking of Mr. Azima's computers and email accounts.

Mr. Azima respectfully appears before this honorable court to seek limited discovery from Mr. Handjani, pursuant to § 1782, in aid of the proceedings before the UK Court.  That section provides in pertinent part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).

As explained below, the application should be granted because it satisfies the statutory requirements for obtaining discovery under § 1782. In particular, (i) Mr. Azima seeks discovery from an individual (Mr. Handjani) who resides in and is found in this District; (ii) the discovery will be used in proceedings that are pending before a foreign tribunal, namely the UK Court; and (iii) Mr. Azima – as the Counterclaim Plaintiff in the UK case – is an interested party in the litigation.  Further, the discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), all militate in favor of granting the requested discovery; (i) Mr. Handjani is not a party to the case before the UK Court; (ii) the UK Court is

2671154.2

receptive to discovery obtained pursuant to § 1782; (iii) Mr. Azima's application is not an attempt to circumvent the UK Court's proof-gathering requirements; and (iv) the discovery that Mr. Azima seeks is highly relevant to the matters in dispute in the underlying litigation and is narrowly tailored to avoid imposing any undue burden or intrusion on the respondent.

For these reasons, which are set forth more fully below, Mr. Azima respectfully submits that his application for discovery pursuant to § 1782 should be granted.

## II.    BACKGROUND

The factual background of the dispute underlying the Counterclaim is set forth in detail in the Amended Counterclaim, attached as Exhibit A to the Declaration of Dominic Holden ("Holden Decl."). The key facts, as well as the need for the requested discovery, are summarized below.

### A.    History of the UK Proceedings

In 2016, Mr. Azima was sued in a civil action in the UK Court by the Ras Al Khaimah Investment Authority ("RAKIA"). RAKIA is the investment authority of the Ras Al Khaimah ("RAK"), which is one of the seven Emirates which together constitute the United Arab Emirates. RAKIA's claim against Mr. Azima was substantially based on information that had been obtained as a result of an illegal hacking of Mr. Azima's computers and email accounts. RAKIA's initial position in the UK Proceedings was that its agents came across the material obtained from the hacking innocently on the internet.

Mr. Azima filed a counterclaim against RAKIA alleging that RAKIA and its agents were themselves responsible for the hacking. Mr. Azima's counterclaim was stayed pending the trial of RAKIA's claims against Mr. Azima, and following a trial, on May 22, 2020, the trial court entered a judgment for RAKIA in the UK Proceedings and dismissed Mr. Azima's counterclaim. In the judgment, the trial court found that RAKIA's evidence as to how it came into possession of the data stolen from Mr. Azima was not true and that the true facts of how RAKIA had come into

A-3

possession of that data had not been disclosed.  Holden Decl. ¶ 9. Despite that finding, the court

ruled that the evidence did not prove that RAKIA was responsible for the hacking.  *Id.*

On September 9, 2020, Mr. Azima was granted leave to appeal by the England and Wales

Court of Appeal (Civil Division).  Holden Decl. ¶ 10.  The Court of Appeal issued its ruling on

March 12, 2021, and granted in part Mr. Azima's appeal.  The Court of Appeal entered orders that,

*inter alia*: (1) Mr. Azima's appeal be allowed on the ground that his hacking claim against RAKIA

was wrongly dismissed, (2) Mr. Azima's hacking claim against RAKIA be remitted to the trial

court to be re-tried, and (3) Mr. Azima be allowed to admit new evidence regarding the hacking at

the re-trial.  *Id.*

Following the orders from the Court of Appeal, Mr. Azima sought to amend his

Counterclaim, including by adding additional parties as defendants, namely RAKIA's outside

counsel the law firm of Dechert LLP, Dechert partner Neil Gerrard, RAKIA executive Jaime

Buchanan, and a private investigator named Stuart Page.  Holden Decl. ¶ 12.  A hearing to consider

Mr Azima's application to join the additional defendants to the UK Proceedings is pending.

Meanwhile, Mr. Azima issued a claim against the additional defendants that will be withdrawn if

they are joined to the UK Proceedings.  Holden Decl. ¶¶ 4-5.

### B.    Mr. Azima's Amended Counterclaim

The Amended Counterclaim generally alleges that five counterclaim defendants, RAKIA,

Dechert LLP, Neil Gerrard, Jaime Buchanan, and Stuart Page conspired amongst themselves and

with others, some of which may still be unknown, to hack Mr. Azima's computers and email

accounts and to conceal that crime. *See*  Holden Decl. Ex. A §§ 100-110 (summarizing the case

against RAKIA and each of the additional defendants).

There is no dispute that Mr Azima was the victim of hacking, and that RAKIA has had

possession of the hacked materials. In August and September 2016, links to roughly 30 GB of Mr

A-4

2671154.2

Azima's personal and private data spanning more than 10 years, including a substantial number of privileged communications, appeared on websites that disparaged Mr. Azima. No party other than RAKIA or its agents sought to rely on the hacked material or use the hacked material against Mr. Azima in legal proceedings. Holden Decl. ¶ 15.

RAKIA's campaign against Mr. Azima began in late 2014 or early 2015 when RAKIA learned that Mr. Azima was working with its former CEO, Dr. Khater Massaad to draw attention to allegations of human rights abuses in RAK. In one "RAK Project Update Report" proposed action against Mr. Azima by RAKIA and its agents included: *gather intelligence on their progress in order to monitor their activities and attempt to contain or ruin their plans.* That document was authored by Mr. Page and was provided to RAKIA and its agents. Holden Decl. ¶ 17-18.

Shortly after the Project Update, the Ruler of RAK gave instructions to Mr. Buchanan, Mr. Handjani, and Mr. Nasser Bustami to "target" and "go after" Mr. Azima. Mr. Handjani received and responded to these emails via his personal Gmail account. Holden Dec. ¶ 19, Ex. D.

Starting around the time of the Project Update and for several months following, hundreds of spear-phishing emails were received by Mr. Azima and others associated with him, including those identified in the Project Update. Common features of these emails point to a single spear-phishing campaign targeting Mr. Azima and his associates. Holden Decl. ¶ 20.

In late December 2015, a document entitled the "View from the Window" was sent to Mr. Gerrard by Karv Communications, a public relations firm in the United States. Mr. Handjani is a senior advisor for Karv Communications and in 2019 filed a FARA registration in which his occupation was described as a senior advisor to Karv Communications. Holden Decl. ¶ 21-22, Ex. E.

2671154.2

In July 2016, Mr. Azima attended a meeting with Mr. Gerrard and Mr. Buchanan in which Mr. Gerrard pressured Mr. Azima to assist RAKIA in its dispute with Dr. Massaad. Mr. Gerrard threatened that if Dr. Massaad did not settle the dispute, Mr. Azima would be rendered "collateral damage." Holden Decl. ¶ 23.

The dispute was not settled and just weeks after the meeting, blog sites were published disparaging Mr. Azima. Those blog sites contained links to portions of Mr. Azima's stolen data. In 2018 and 2019, additional links were published containing Mr. Azima's stolen data. Holden Decl. ¶¶ 24-25.

RAKIA's defense that it had innocently discovered Mr. Azima's stolen data on the internet was repeatedly undermined by the documentary evidence.  For example, on August 15 and 16, 2016, Mr. Buchanan and Mr. Gerrard each sent emails purporting to "break the news" of the discovery of the websites disparaging Mr. Azima and containing the links to his stolen data. However, the evidence at trial showed that RAKIA's consultants, who worked at Mr. Gerrard and Mr. Buchanan's direction, were downloading Mr. Azima's stolen data days earlier.  Mr. Handjani received the August 16, 2016 email via his personal Gmail account.  Holden Decl. ¶ 26, Ex. G.

After the trial, additional evidence of RAKIA's responsibility for the hacking came to light, including bank statements from an Indian hacking firm CyberRoot Risk Advisory Private Limited, which showed that CyberRoot had been paid more than $1 million by Vital Management Services between 2015 and 2017.  CyberRoot is a hack for hire firm and uses the infrastructure of another hack for hire firm, BellTroX Info Tech Services.  Vital Management Services is an investigative firm that is controlled by Nicholas Del Rosso.  Vital Management Services was engaged by RAKIA, and Mr. Del Rosso testified that he arranged for Mr. Azima's stolen data to be collected from the Torrents in August and September 2016 by Northern Technology, Inc.  Additional

payments were also made to CyberRoot from Gravitas International LLC, an entity owned and controlled by Mr. Buchanan.  Holden Decl. ¶¶ 27-32.

## C.     The Discovery Requested

The UK Litigation is ongoing, and Mr. Azima is engaged in the process of seeking information and documents to support his Claims. Mr. Azima seeks discovery from Mr. Handjani, who resides and is found in this judicial district.  Mr. Handjani was and may still be a close advisor to the Sheikh Saud bin Saqr Al Qasimi (the Ruler of Ras Al Khaimah) ("the Ruler"), who is implicated in the hacking.  Mr. Handjani is a member of the board of RAK Petroleum and a senior adviser to Karv Communications, the PR firm engaged by RAKIA in connection with RAKIA's investigation of Mr Azima and others. As explained above, Mr. Handjani was involved with other agents acting for RAKIA in relation to this dispute and has made a witness statement in the UK Proceedings on RAKIA's behalf in which he has confirmed that he became involved in RAKIA's dispute with Mr. Azima in March 2015.

Specifically, Mr. Azima's request for discovery is limited to the following narrow and discrete categories of electronic content and documents:

1.     All documents and communications from September 2014 to present related to Farhad Azima or his associates, including but not limited to (1) documents related to the Project Update and similar reports prepared about Mr. Azima and his associates; (2) documents related to the instructions to "target" and "go after" Mr. Azima; (3) documents related to the "View from the Window" document provided by Karv Communications to Mr. Gerrard, (4) documents related to the purported discovery of Mr. Azima's stolen data in August 2016; (5) documents related to the websites published about Mr. Azima and links published on those

A-7

websites between August 2016 and June 2019; and (6) documents describing

communications between Mr. Handjani and Mr. Azima.

2.      All documents and communications from September 2014 to present related to

the following persons and entities that are alleged to be involved in the attack on

Mr. Azima: CyberRoot, BellTroX, RAK Ruler Sheikh Saud bin Saqr Al Qasimi,

James Buchanan, Stuart Page and his companies including those companies

controlled by Mr. Page including Stuart Page MEFZ, Vital Management Services,

Inc., Nicholas Del Rosso, Northern Technology Inc., and Gravitas International

LLC.

III.    **ARGUMENT**

This Court has the authority to grant Mr. Azima's § 1782 request for assistance in obtaining

evidence for use in connection with the UK Proceedings. As shown below, Mr. Azima's

application meets the statutory requirements for obtaining discovery under § 1782. The Second

Circuit has held that the requirements of section 1782 are met when the following are shown: "(1)

that the person from whom discovery is sought reside (or be found) in the district of the district

court to which the application is made, (2) that the discovery be for use in a proceeding before a

foreign tribunal, and (3) that the application be made by a foreign or international tribunal or 'any

interested person." *In re Edelman*, 295 F.3d 171, 175 (2d Cir. 2002). Mr. Azima satisfies all three

requirements: Mr. Handjani resides or is found in Manhattan; Mr. Azima seeks the discovery for

use in connection with a proceeding pending before a foreign tribunal (the UK Court); and, since

he is a litigant in the UK Proceedings, Mr. Azima is an "interested person" for purposes of § 1782.

In addition, the four discretionary factors that have been identified by the United States

Supreme Court in *Intel Corp.*, 542 U.S. at 249, all weigh in favor of granting Mr. Azima's request.

Mr. Handjani is not a party to the UK Proceedings; the UK Court is not opposed to this form of

discovery; Mr. Azima is not concealing an attempt to circumvent the requirements of the UK Court; and the discovery sought is both highly relevant to the matters in dispute and narrowly tailored to avoid imposing any undue burden or intrusion on the Respondent.

### A.    Mr. Azima's Application Satisfies All of the Statutory Requirements of 28 U.S.C. § 1782

28 U.S.C. § 1782 authorizes federal district courts to assist foreign litigants and other interested parties in gathering evidence for use in a proceeding before a foreign or international tribunal. *See Intel*, 542 U.S. at 247. The statute provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). Thus, in deciding whether it has the authority to grant a § 1782 application, the court must determine: (1) whether the respondent resides or is found in the district, (2) whether the discovery is for use in a proceeding before a foreign or international tribunal, and (3) whether the application is made by a foreign or international tribunal or any interested person. *See In re Application of Schmitz*, 259 F.Supp.2d 294, 296 (S.D.N.Y. 2003) (citing *Edelman*, 295 F.3d at 175). Mr. Azima's application satisfies all three requirements.

### 1.    Mr. Handjani Resides or is Found in this District

The first statutory requirement to obtain discovery under § 1782 is that the respondent from which discovery is sought must reside in or be found the District where the application is made. Here, Mr. Handjani resides or is found in the Southern District of New York. According to his official Foreign Agents Registration Act filing dated February 25, 2019, Mr. Handjani maintains

2671154.2

an office in Midtown Manhattan at 122 E. 42nd Street, Suite 2005, New York, NY 10168 and an

apartment in Tribeca at 209 West Street, Apartment 6A, New York, NY 10013.  *See* Holden Decl.

Ex. F.

### 2.   The UK Proceedings Are Before a Foreign Tribunal

The second statutory requirement is that the discovery must be sought for use in connection

with a proceeding before a foreign or international tribunal. The discovery sought in this case will

be used for the proceedings before the High Court of Justice of England and Wales.  The UK Court

is clearly a foreign tribunal within the meaning of § 1782.  *See Intel*, 542 U.S. at 257-58.

### 3.   As a Litigant in the UK Proceedings, Mr. Azima is an "Interested Party"

The final statutory requirement is that the applicant must be an "interested party" in the

underlying foreign or international proceeding.  Here, Mr. Azima is such an "interested party."

Litigants in a case being adjudicated before a foreign tribunal are "interested parties" for purposes

of § 1782.  The Supreme Court has held that "[n]o doubt litigants are included among, and may be

the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S.

at 256.  Accordingly, Mr. Azima is an "interested party" within the meaning of § 1782.

In sum, Mr. Azima's application satisfies all three statutory requirements: the Respondent

is found in this District; the discovery Mr. Azima seeks will be used in litigation before a foreign

tribunal; and Mr. Azima is an interested party in that proceeding. As discussed *infra*, the

discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of granting Mr.

Azima's application.

### B.   The *Intel* Discretionary Factors Weigh in Favor of Granting Mr. Azima's Application

Four discretionary factors identified by the Supreme Court in *Intel* guide district courts in

considering the grant of a § 1782 discovery application: (1) whether the respondent is not a

2671154.2

participant in the international tribunal proceedings, (2) whether the tribunal is resistant to § 1782 discovery, (3) whether the petitioner is not concealing an attempt to circumvent tribunal proof-gathering restrictions, and (4) whether the requested discovery is relevant and narrowly tailored. Each of the discretionary factors weigh in favor of granting Mr. Azima's § 1782 discovery application.

### 1.   Mr. Handjani is Not a Participant in the UK Proceedings

First, *Intel* held that district courts should consider whether "the person from whom discovery is sought is a participant in the foreign proceeding." This is because "the need for § 1782(a) aid [against a participant] generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264.

Mr. Handjani is not a participant in the UK Proceedings. Holden Decl. Ex. A. Thus, the evidence held by Mr. Handjani is outside the jurisdictional reach of the UK Court. Indeed, § 1782 was enacted specifically to assist parties in litigation facing this type of situation. "A foreign tribunal has jurisdiction over those appearing before it ... In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent [section] 1782(a) aid." *Intel*, 542 U.S. at 264. Therefore, the fact that the person from which discovery is sought is a "nonparticipant" in the foreign or international proceedings "typically weigh[s] in favor of granting the requested discovery." *Intel*, 542 U.S. at 264; *see also In re Atvos Agroindustrial Investimentos S.A.*, 481 F.Supp.3d 166, 176 (S.D.N.Y. 2020).

### 2.   The UK Court is Not Resistant to § 1782 Discovery

Second, *Intel* held that a district court should consider the "receptivity" of the foreign or international tribunal in question to "U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. This does not require the district court to engage in an extensive analysis of whether a foreign or

2671154.2

international tribunal would be receptive to discovery assistance. Rather, the inquiry requires courts to consider how a foreign court "might respond to § 1782 assistance from a United States court." *In re OOO Promnefstroy*, No. M 19-99 (RJS), 2009 WL 3335608, at *7 (S.D.N.Y. Oct. 15, 2009). In so doing, courts may only rely on "authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995).

In fact, district courts have routinely granted applications pursuant to Section 1782 for matters pending in the U.K. *See Eurasia Natural Res. Corp. v. Simpson*, No. 8:19-mc-00699-PX, 2020 U.S. Dist. LEXIS 1507 (D. Md. Jan. 6, 2020); *In re Blue Oil Trading Ltd.*, No. 3:09MC153-RJC, 2009 WL 3353293 (W.D.N.C. Oct. 15, 2009); *In re Application of Apple Retail UK Ltd.*, No. 20-mc-80109-VKD, 2020 WL 3833392 (N.D. Cal. July 8, 2020) (finding that "[i]n the absence of evidence to the contrary regarding the [U.K.] tribunal's receptivity to U.S. judicial assistance" the second *Intel Corp.* factor weighed in favor of granting the Section 1782 application).

Here, there is no evidence that the discovery sought in this application would be "rejected" by the Courts of England and Wales. Nor is there any indication that the documents and materials sought would be inadmissible in the UK Proceedings. To the contrary, the documents, materials, and information sought from Mr. Handjani concern potential evidence that would serve to support Mr. Azima's claims of misconduct perpetrated by the counterclaim defendants. Given their relevance to the proceedings, Mr. Azima has good reason to believe that the requested documents and deposition testimony could, and would, be considered. Consequently, the second *Intel* factor weights in favor of granting Mr. Azima's application.

2671154.2

**3.     Mr. Azima Is Not Concealing an Attempt to Circumvent Any UK Court Proof-Gathering Restrictions**

Third, *Intel* held that a district court should consider "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 264-65. This factor is intended to protect against an applicant's misuse of the process by verifying that it is not attempting to avoid proof-gathering restrictions that are imposed in the underlying proceeding. However, the law is clear that, absent bad faith on the part of the applicant, a court will not weigh this factor against allowing discovery. Courts will not withhold discovery if nothing in the record suggest that the application conceals an attempt to circumvent foreign proof-gathering. *In re BNP Paribas Jersey Trust Corp. Ltd.*, 2018 WL 895675 at *3 (S.D.N.Y. Feb. 14, 2018) (citing *In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010) (granting request because there was "no evidence in the record ... that would lead this Court to believe that Applicants have sought to circumvent the proof-gathering procedures or policies of the foreign tribunals or otherwise brought their applications in bad faith").

There are no proof-gathering restrictions in the UK Proceedings. Furthermore, Mr. Azima's application is a good faith attempt to seek discovery that would assist him in presenting his case at the UK Court, namely by obtaining additional evidence regarding the hacking perpetrated by the counterclaim defendants. Mr. Azima seeks to use § 1782 to aid him in giving effect to his right to present evidence to the UK Court. The fact that the UK Court has no jurisdiction over Mr. Handjani makes it necessary for Mr. Azima to pursue discovery from Mr. Handjani through this court. In the first trial, RAKIA did not search or request the personal files of Mr. Handjani, even though it is clear from the discovery provided that he used Gmail to correspond about Mr. Azima. *See* Holden Decl. ¶¶ 31-35. The third factor thus also weighs in favor of granting the requested discovery, as this application is made in good faith and not an

attempt to circumvent any foreign proof-gathering restrictions and there is no evidence to suggest that the United Kingdom's courts prohibit the type of discovery sought.

      **4.**     **The Discovery Mr. Azima Seeks is Relevant and Narrowly Tailored**

Lastly, *Intel* held that a district court should consider whether "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. In reviewing this factor, courts look to whether the request is sufficiently tailored to the litigation issues for which production is sought. The Second Circuit has instructed district courts to "assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Union Fenosa Gas, S.A. v. Depository Trust Co.*, 2020 WL 2793055, at *7 (S.D.N.Y. May 29, 2020) (citing *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015)). Under Rule 26(b)(1), discovery must be "relevant to any party's claim or defense, proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought."

Here, Mr. Azima's request is narrowly tailored and not unduly burdensome or intrusive. Mr. Azima has confined his request solely to Mr. Handjani's documents related to (1) Mr. Azima and his associates; and (2) the persons and entities believed to have participated in the hacking of Mr. Azima's computer and email and dissemination of the hacked data (CyberRoot, BellTroX, Stuart Page and related entities, Nicholas Del Rosso, Vital Management Services, Inc., NTi, and Gravitas). This limited discovery is not overly broad or unduly burdensome. If Mr. Handjani has any legitimate concerns regarding confidentiality and or the scope of any documents requested, Mr. Azima is willing to discuss a protective order to facilitate the production of the requested discovery. *See In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016).

In sum, Mr. Azima's § 1782 application satisfies both the relevant statutory requirements and the discretionary factors that have been identified by the Supreme Court in *Intel*. Mr. Azima's application accordingly should be granted.

IV.   **CONCLUSION**

For the foregoing reasons, Mr. Azima respectfully requests that this Court grant its section 1782 discovery application and enter the accompanying proposed order directing Mr. Handjani to produce the documents requested and appear for a deposition.

Respectfully submitted,

_____

Kirby D. Behre
Brian A. Hill
Timothy P. O'Toole
Ian Herbert
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

Dated: June ___, 2021

A-15

2671154.2