IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* Application Pursuant to<br>28 U.S.C.§ 1782 of<br><br>FARHAD AZIMA<br>5921 Ward Parkway<br>Kansas City, Missouri 64113<br><br>    Petitioner,<br><br>  v.<br><br>AMIR HANDJANI<br>290 West Street, Apartment 6A<br>New York, NY, 10013<br><br>    Respondent. | No. 21 mc-00501-PGG |

**PETITIONER'S REPLY IN SUPPORT OF**
**APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................1

II.  ARGUMENT .....................................................................................................................2

   A.  Mr. Azima's Document Requests are Narrowly Tailored and
       Relevant to Hacking Allegations Against Mr. Handjani's
       Employer (RAKIA) on Retrial in the UK. ............................................................3

   B.  Mr. Handjani's UK Trial Testimony Is Not Equivalent to a
       Rule 30 Deposition. ...............................................................................................5

   C.  Mr. Azima's Request for a Deposition Is Not an Attempt to
       Circumvent UK Proof Gathering Restrictions. ......................................................7

   D.  The Court Has No Reason to Wait for the UK Trial Court to
       Set Its Scope of Discovery. ....................................................................................7

III. CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Appl. of Guy*,
   No. M 19-96, 2004 WL 1857580 (S.D.N.Y. Aug. 19, 2004) ...................................................7

*In re: Ex Parte Appl. of Tiberius AG*,
   No. 19.-mc-467 (VSB), 2020 WL 1140784 (S.D.N.Y. Mar. 6, 2020) ......................................4

*In re Appl. Pursuant to 28 U.S.C.*
   *§ 1782 an Order Permitting Christen Sveaas to Take Disc. From Dominique Levy, L&M Galleries & Other Non-participants for use in Actions Pending in Norway*, 249 F.R.D. 96 (S.D.N.Y 2008) ........................................................................................4

*In re Application of WildBrain Family International Limited*,
   No. 19-MC-527 (JPO), 2020 WL 6135765 (S.D.N.Y. Oct. 19, 2020) .....................................7

*In re Asia Mar. Pac. Ltd.*,
   253 F. Supp. 3d 701 (S.D.N.Y. 2015) ......................................................................................5

*Intel Corp. v. Advanced Micro Devices, Inc.*
   542 U.S. 241 (2004) ........................................................................................................2, 3, 7

*Lindsey v. Butler*,
   No. 11 Civ. 9102 (ER), 2017 WL 4157362 (S.D.N.Y. Sept. 18, 2017) ...................................3

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015) .................................................................................................5, 8

*United States v. Nixon*,
   418 U.S. 683 (1974) .................................................................................................................2

*In re Vale S.A.*,
   No. 20-mc-199 (JGK) (OTW), 2021 WL 311236 (S.D.N.Y. Jan. 29, 2021) ...............2, 3, 5, 8

**Statutes**

28 U.S.C. Section 1782 ............................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 30 ..................................................................................5, 6, 7

**I.     INTRODUCTION**

This 28 U.S.C. § 1782 ("Section 1782") application is made in support of a case pending in the UK ("UK counterclaim"). Mr. Farhad Azima has sued the investment authority of the Emirati Kingdom of Ras Al Khaimah (the Ras Al Khaimah Investment Authority a/k/a "RAKIA") and its agents in a counterclaim in the UK for hacking Plaintiff Farhad Azima and using the stolen data against him in a lawsuit filed by RAKIA.[1] Mr. Azima's counterclaim was previously part of a trial in the UK in January and February 2020. In a judgment following that trial, the UK court found that the story RAKIA and its agents provided the court about how they came into possession of Mr. Azima's stolen data was not true. On appeal, the court considered the findings of the trial court judge, corrective evidence RAKIA filed after the judgment correcting incorrect statements, and new evidence obtained after the trial. The appellate court concluded that Mr. Azima's claim had a real possibility of success and ordered a retrial of his counterclaim in front of a new judge. The appellate court said that none of the factual findings from the first trial related to hacking were res judicata, and accordingly the factual basis for Mr. Azima's hacking claim against RAKIA and its agents is starting fresh. *See* Ras Al Khaimah Investment Authority v. Farhad Azima, [2021] EWCA Civ 349, [148] (appeal taken from Eng.).

---

[1] Mr. Azima remains concerned that a looming conflict issue could cause inordinate delay in this case. As mentioned in Mr. Handjani's Letter Motion for Extension of Time, Greenberg Traurig, LLP previously represented Dr. Khater Massaad—another victim of hacking by RAKIA—in a matter adverse to RAKIA. Mr. Handjani works for RAKIA. As part of the representation of Dr. Massaad, Greenberg Traurig lawyers interacted directly and repeatedly with Mr. Azima, who was an advisor to Dr. Massaad regarding that prior matter. Mr. Azima's involvement with Dr. Massaad was a major reason why Mr. Azima was hacked. Dr. Massaad has objected to Greenberg Traurig's representation of Mr. Handjani because the prior representation of Dr. Massaad and the current representation of Mr. Handjani are substantially related. Counsel for Mr. Azima have repeatedly sought reassurance that Mr. Handjani is aware of this conflict and will not later raise it as a reason to delay these proceedings. Greenberg Traurig has refused to provide assurance that Mr. Handjani has waived this conflict, and Mr. Handjani has refused to agree that he will not later raise this conflict.

In July 2021, the new trial court ordered RAKIA's agents to be joined to the claim, and Mr. Azima's UK counterclaim was served on those parties. *See* Declaration of Dominic Holden ("Holden Decl.") ¶ 4. Mr. Amir Handjani was a witness on behalf of RAKIA in that trial.

Mr. Handjani concedes that Mr. Azima's application has met all statutory requirements of Section 1782 (ECF No. 11 at 10 n. 5) and argues only that various discretionary factors weigh against the Court granting the application. "[E]xceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974). Accordingly, the Court should grant Mr. Azima's application to commence Section 1782 discovery and reject Mr. Handjani's efforts to derogate from the search for truth further.

**II.   ARGUMENT**

The discretionary *Intel Corp. v. Advanced Micro Devices, Inc.* 542 U.S. 241 (2004) factors weigh in favor of granting Mr. Azima's Section 1782 application. First, Mr. Azima's requested document discovery is not unduly intrusive or burdensome as it is limited to two requests focused on documents related to the hacking victims and alleged hacking conspirators. Second, the UK courts regularly accept U.S. judicial assistance through Section 1782 requests, including the use of depositions. And third, a request for depositions is not a per se attempt to circumvent UK evidentiary procedures.

In seeking to quash Mr. Azima's discovery request, Mr. Handjani "bears a heavy burden of proof" that he is unable to meet. *In re Vale S.A.*, No. 20-mc-199 (JGK) (OTW), 2021 WL 311236, at *3 (S.D.N.Y. Jan. 29, 2021). Indeed, Mr. Handjani makes only "[g]eneral and conclusory objections as to relevance, overbreadth, or burden" that courts have found

"insufficient to exclude discovery of requested information." *Lindsey v. Butler*, No. 11 Civ. 9102 (ER), 2017 WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017) (internal citation omitted).

    **A.**    **Mr. Azima's Document Requests are Narrowly Tailored and Relevant to Hacking Allegations Against Mr. Handjani's Employer (RAKIA) on Retrial in the UK.**

Mr. Azima's requests for document discovery are not "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. To determine whether a Section 1782 request creates an undue burden, Southern District of New York courts examine relevance, a party's need for the documents, the breadth of the requests, the covered time period, and particularity of the document requests. *In re Vale S.A.*, 2021 WL 311236, at *3. Each ultimately demonstrates that the requests are not unduly burdensome. In contrast, Mr. Handjani's bald assertion of burden lacks any details regarding estimated document numbers, or any other similar information that would suggest responding to Mr. Azima's subpoena would be burdensome.

Mr. Handjani does not claim that Mr. Azima's document requests lack relevance. He cannot do so because Mr. Azima has confined his Section 1782 application to two requests for documents and communications: (1) those related to Mr. Azima and a short list of five associates targeted by the hackers, and (2) those related to persons and entities allegedly involved in hacking Mr. Azima. *See* ECF No. 3 at 7.[2] In fact, RAKIA put forward Mr. Handjani as a witness at the first UK trial, implicitly conceding that Mr. Handjani is in possession of relevant discovery.

---

[2] Mr. Azima informed Mr. Handjani's counsel on July 7, 2021 that any subpoena would match the requested categories of documents described in Memorandum in Support of Application. ECF No. 3 at 7. The individuals referred to as Mr. Azima's associates are: Khater Massaad, Ray Adams, Afsaneh Azadeh, Kirby Behre, and Chris Cooper, all of whom were targets of the same hacking campaign against Mr. Azima.

Mr. Handjani claims that the Section 1782 requests are speculative, but ignores Southern District's precedent providing that district courts should "broadly construe" relevance in a Section 1782 application "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Appl. Pursuant to 28 U.S.C. § 1782 an Order Permitting Christen Sveaas to Take Disc. From Dominique Levy, L&M Galleries & Other Non-participants for use in Actions Pending in Norway*, 249 F.R.D. 96, 106-07 (S.D.N.Y 2008). The broad view of relevance in discovery is even more pronounced in Section 1782 applications "because the substantive issues presented in the foreign litigation are to be decided by a foreign court applying unfamiliar foreign law." *In re: Ex Parte Appl. of Tiberius AG*, No. 19.-mc-467 (VSB), 2020 WL 1140784, at *7 (S.D.N.Y. Mar. 6, 2020). Here, Mr. Azima's counterclaim makes clear that Mr. Handjani has relevant documents and information, including for example regarding the instructions he received to "target" Mr. Azima shortly before the hacking began, and the report prepared by the company where he works about Mr. Azima shortly after the hack occurred. ECF No. 3 at 4-5. The relevance of the records sought by Mr. Azima is clear. Mr. Handjani argues without support that searching his Gmail account is "intrusive or burdensome" but ignores the fact that Mr. Handjani used his Gmail account to correspond about targeting Mr. Azima near the beginning of the conspiracy, as alleged in the UK counterclaim. Tellingly, Mr. Handjani could have done a quick search overall e-mails with the word 'Azima' and reported in a matter of minutes the number of 'hits' the search yielded in his Opposition to demonstrate his burdensome argument, but has failed to do so.

Additionally, Mr. Azima's requested timeframe is not overly broad and tracks the years of continuing misconduct by RAKIA and its agents, as described in the UK counterclaim. The

UK counterclaim alleges that the conspiracy to hack Mr. Azima began in 2014 and Mr. Handjani even acknowledges that Mr. Azima was hacked as early as 2015. ECF No. 11 at 19. Actionable conduct, including the publication of Mr. Azima's stolen data and efforts by the co-conspirators to conceal their actions continued at through 2020. Because the conduct alleged in the complaint took place from 2014 to 2020, it is not overbroad to seek documents from that period.

Mr. Handjani also claims that Mr. Azima's requests amount to a "fishing expedition" (ECF No. 11 at 20) but this argument is equally unsupported. The cited case of *In re Asia Mar. Pac. Ltd.*, 253 F. Supp. 3d 701, 702, 705 (S.D.N.Y. 2015) does not support the contention that discovery requests with the language "any document that relates to" automatically constitutes "fishing expedition[s]." Instead, Southern District courts require those who seek to challenge a Section 1782 application to identify a reason that the request "conceals an opportunistic effort to seek out information in support of additional litigation." *In re Vale S.A.*, 2021 WL 311236, at *4 n.7. Mr. Handjani has not done so.

Beyond his own conclusory statements, Mr. Handjani has not shown that Mr. Azima's requests are unduly intrusive or burdensome. If the Court disagrees, however, Mr. Azima requests that the Court alternatively order a limited grant of discovery to provide an opportunity to cure any overbreadth. *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("Thus, to the extent a district court finds that a discovery request is overbroad, before denying the application it should ordinarily consider whether that defect could be cured through a limited grant of discovery.").

### B.  Mr. Handjani's UK Trial Testimony Is Not Equivalent to a Rule 30 Deposition.

Mr. Handjani claims that he should not be deposed because he testified at the first UK trial. This argument ignores the fact that Mr. Handjani was called as a witness in the UK case

primarily regarding a breach of contract issue, not as a witness regarding the hacking issue, though his testimony did touch upon the hacking issue. Still, the appellate court made clear in its remand to a new judge that all aspects of Mr. Azima's hacking claim are open for examination during the trial of the UK counterclaim. *See* Ras Al Khaimah Investment Authority v. Farhad Azima [2021] EWCA Civ 349, [148] (appeal taken from Eng.).

Further, the retrial of the hacking case stems in part from the discovery of new evidence that will be explored at the retrial, which Mr. Handjani also concedes. ECF No. 11 at 1. Mr. Handjani's prepared witness statements excluded any reference to CyberRoot and BellTroX, the two hack-for-hire companies that were discovered after the first trial to have been involved in the hack. *See* Holden Decl. ¶ 6. Therefore, even if the Court agreed with Mr. Handjani that his prior English courtroom testimony amounted to a Rule 30 deposition, the unmasking of the hackers after he testified would certainly constitute the kind of "new information . . . that would have affected the questioning at the initial deposition" justifying a follow-up deposition under the case law cited by Mr. Handjani. *See* ECF No. 11 at 11 (citing *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14CV1254SHSOTW, 2019 WL 1533212, at *2 (S.D.N.Y. Apr. 9, 2019)).

Finally, Mr. Handjani was not required to produce any documents in the UK case. *See* Holden Decl. ¶ 7. The deposition that Mr. Azima seeks would come after Mr. Handjani's documents production and Mr. Handjani could then be confronted with his own produced documents and questioned beyond the contours of his prior prepared statements. Mr. Handjani cites no authority to support his argument that his prior in-court testimony is equivalent to a Rule 30 deposition. ECF No. 11 at 12-13.

      **C.    Mr. Azima's Request for a Deposition Is Not an Attempt to Circumvent UK Proof Gathering Restrictions.**

Under Section 1782, foreign litigants are entitled to American civil discovery. The Supreme Court expressly held in *Intel Corp.* that the district court's exercise of discretion under Section 1782 is not bound by the discoverability of the evidence under foreign procedures. *Id.* at 262 ("When the foreign tribunal would readily accept relevant information discovered in the United States, application of a foreign-discoverability rule would be senseless. The rule in that situation would serve only to thwart § 1782(a)'s objective to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws.").

Mr. Handjani's interpretation of *In re Application of WildBrain Family International Limited*, No. 19-MC-527 (JPO), 2020 WL 6135765, at *2 (S.D.N.Y. Oct. 19, 2020) would render Section 1782 toothless and would squarely contradict *Intel Corp.* The *WildBrain* court did not hold that a Section 1782 request for a deposition is circumvention of foreign court process. Rather, the court simply used its discretion to deny a Rule 30(b)(6) deposition that the court considered was not proportionate to the needs of the case. *Id.* at 3. Other Southern District courts have permitted Section 1782 depositions in assistance of UK litigation. *See In re Appl. of Guy*, No. M 19-96, 2004 WL 1857580, at *4 (S.D.N.Y. Aug. 19, 2004) (ordering all discovery "to be made available to all parties to the English Action, who are to be notified at least 14 calendar days in advance of any deposition of any respondent").

      **D.    The Court Has No Reason to Wait for the UK Trial Court to Set Its Scope of Discovery.**

Mr. Handjani alternatively asks the Court to delay decision on Mr. Azima's application until the UK trial court "has the opportunity to take up issues related to the scope of discovery." ECF No. 11 at 21. Southern District courts have held, however, that this is no basis for delay of a

7

Section 1782 application. Because "exhaustion of remedies, discoverability, or admissibility are not required to 'ease the burden of discovery,' the necessity of the materials being sought is not a precondition for discovery." *In re Vale S.A.*, 2021 WL 311236, at *3; *see also Mees*, 793 F.3d at 302.

## III. CONCLUSION

For the foregoing reasons, Mr. Azima respectfully requests that this Court grant its Section 1782 discovery application and enter the accompanying proposed order directing Mr. Handjani to produce the documents requested and appear for a deposition.

Respectfully submitted,

Dated: August 4, 2021

/s/ Calvin Lee
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
E-mail: clee@milchev.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021, I caused a true and correct copy of Farhad Azima's Memorandum of Law in support of his Application was sent via FedEx to the following recipient:

David G. Barger
Greenberg Traurig, LLP
1750 Tysons Boulevard, Ste. 1000
McLean, VA 22102
bargerd@gtlaw.com

                                                            /s/ Calvin Lee
                                                            Calvin Lee