

Daniel Filor
Tel 212.801.6758
Fax 212.801.6400
filord@gtlaw.com

November 11, 2021

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Court
　　for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re:** *Farhad Azima v. Amir Handjani*, **No. 21-mc-501 (PGG)**

Dear Judge Gardephe:

　　We write on behalf of Respondent Amir Handjani in response to Petitioner's Notice submitted to the Court on November 4, 2021 (the "Notice"), which purported to provide supplemental authority relating to his Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (the "Petition").

　　The Notice brings to the Court's attention an unpublished decision from a U.S. Magistrate Judge in the Middle District of North Carolina granting an *ex parte* § 1782 application. *In re Application of Karam Salah Al Din Awni al Sadeq*, No. 1:21-mc-6-UA-LPA, 2021 WL 4844754 (M.D.N.C. Oct 18, 2021). That decision arises from a different underlying foreign proceeding that has no factual connection to this case, and adds nothing to the analysis of Petitioner's application here because it does not address any of the issues raised by Mr. Handjani's Opposition. It is anyway an *ex parte* order that, the docket shows, will be the subject of further litigation including a motion to quash, so it appears unlikely to be the final word on the question of whether § 1782 discovery will be allowed even in that case; it has no bearing on whether it should be allowed in this one.

　　Mr. Handjani's Opposition raised several grounds for denying the Petition, none of which were discussed by the North Carolina court. First, Mr. Handjani explained that Petitioner has already had a full and fair opportunity to take his testimony in this matter. He was cross-examined on the stand by Petitioner's counsel during the trial of the underlying case in England, over a period that spanned two days. He testified that he had no involvement in and no knowledge of the alleged hacking—testimony that, after the cross-examination, Petitioner's

Greenberg Traurig, LLP | Attorneys at Law
MetLife Building | 200 Park Avenue | New York, New York 10166 | T +1 212.801.9200 | F +1 212.801.6400

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; ^A separate UK registered legal entity; *Greenberg Traurig, S.C.; ⁼Greenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ~Greenberg Traurig Grzesiak sp.k.

www.gtlaw.com

November 11, 2021
Page 2

counsel conceded was truthful. As the Opposition notes, the Federal Rules of Civil Procedure do not allow one party to depose another party twice without good reason (and are even more protective of non-party witnesses), so the deposition sought here is not allowed by the Federal Rules and should be denied.

Unlike here, the underlying case in the North Carolina decision has not already been tried once and is not in a retrial posture, nor is there any indication in the opinion that the respondent there has otherwise given testimony in connection with that underlying case in any other respect. The question of whether and when a U.S. witness can or should be compelled to give testimony a second time under 28 US.C. § 1782 is thus not presented in the North Carolina decision, so the Magistrate Judge's decision on the *ex parte* application there offers no support for the Petition here.

Mr. Handjani's Opposition also explained that English courts do not provide for pre-trial depositions, and asked this Court to follow a recent decision from another court in this District declining to require a deposition in connection with an English litigation for that reason. *See In re Application of WildBrain Family International Limited*, No. 1:19-mc-527-JPO, 2020 WL 6135765, at *2 (S.D.N.Y. Oct. 19, 2020). The North Carolina court did not consider the English policy or the *WildBrain* decision in ruling on the *al Sadeq ex parte* application, so that ruling has no bearing on the application in this case.

And finally, Mr. Handjani's Opposition marched through the evidence—including evidence adduced by Petitioner himself during the trial in the case in England—showing that Mr. Handjani has no connection to Petitioner's claims. The Opposition noted the lack of any contrary evidence tending to suggest such a connection. And it thereby demonstrated that Petitioner's requests are unfounded and should be rejected, or at a very minimum, substantially narrowed, for that reason. Mr. Handjani is not a party to or witness in the *al Sadeq* case, and the North Carolina § 1782 decision of course did not address the factual showing that Mr. Handjani made in opposition to the Petition. In sum, the North Carolina opinion is simply not relevant to this Court's decision on the Petition and should be given no weight.

Petitioner is also wrong to claim that his and Mr. al Sadeq's litigations are "closely related." Notice at 2. As related in the North Carolina decision, the petitioner there is a convicted fraudster whose underlying suit concerns the conditions of his arrest, trial, and imprisonment in the United Arab Emirates. *Al Sadeq*, 2021 WL 4844754, at *2. His suit does not involve any allegations that he was hacked. Al Sadeq's lawyers have brought a separate suit alleging that their whereabouts were tracked, their bank accounts compromised, and that potential hacking attempts were made in 2020. Petitioner here, Farhad Azima, was found by an English court to have committed (an unrelated) fraud, and is bringing a counterclaim against the entity that he defrauded in which he alleges that in 2016, they obtained some of the evidence that proved his fraud by gaining unauthorized access to his emails. The two otherwise unrelated fraudsters do appear to perceive some litigation advantage in asserting an overlap between their cases. For example, Azima's lawyers interposed questions about Mr. al Sadeq during his cross examinations at the trial in this matter, and here on this petition he now similarly asserts that the North Carolina decision is closely related to this case. But that alleged overlap is an artifice.

November 11, 2021
Page 3

      Finally, the North Carolina decision lacks weight at this stage because it was decided *ex parte*. The court itself was careful to note that it was granting the application "without prejudice to [the subpoena recipients] later contesting the requested discovery by seeking a protective order or any other relief consistent with the Federal Rules of Civil Procedure." *Al Sadeq*, 2021 WL 4844754, at *19 n.25 (quoting *In re Oak Tr.*, No. 5:21-mc-7-JSM-PRL, 2021 WL 1390014, at *2 n.1 (M.D. Fla. Apr. 13, 2021)). The subpoena recipients have since appeared and indicated their intent to move to quash the subpoenas. *See* Joint Motion for Extension of Time, *Al Sadeq*, No. 1:21-mc-6-UA-LPA (M.D.N.C. Nov. 4, 2021), ECF No. 9. It thus appears likely that there will be continued litigation of the matter in the North Carolina court, and that decision should therefore be treated provisionally.

      For these reasons, Petitioner's Notice is not relevant to the issues before this Court.

Respectfully submitted,

Greenberg Traurig, LLP

By: /s/ *Daniel P. Filor*
David Barger
Daniel P. Filor
200 Park Avenue
New York, New York 10166
*Attorneys for Amir Handjani*