IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C.§ 1782 of<br><br>FARHAD AZIMA<br><br>                    Petitioner,<br><br>   v.<br><br>AMIR HANDJANI<br><br>                    Respondent. | No. 21 mc-00501-PGG |

**PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
MATERIALS IN SUPPORT OF
<u>APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782</u>**

      Petitioner Farhad Azima ("Mr. Azima") respectfully submits this Motion for Leave to File Supplemental Materials to inform the Court of a development relevant to his pending Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782 filed on June 29, 2021. ECF No. 2.  A recent filing in the Supreme Court of the United Kingdom by Mr. Azima discusses an affidavit from investigator Stuart Page, a witness who testified against Mr. Azima at trial in the UK.  In his affidavit, Mr. Page revealed that the judgement against Mr. Azima in the UK was obtained through perjurious testimony by multiple witnesses at that trial.  *See* Ex. 1 (UK Supreme Court Application to Rely on New Evidence); Ex. 2 (Affidavit of Mr. Stuart Page Dated January 7, 2022 and Select Accompanying Exhibits; filed as Ex. 2 and Ex. 2A).  In addition, Mr. Page's sworn statement reveals widespread illegal hacking and a prolonged campaign to obstruct justice by RAKIA and those associated with RAKIA and RAK.

      Respondent Amir Handjani was one of the witnesses at that trial, and the relevant issues that were part of that trial will be a subject of the retrial in England for which Mr. Azima seeks

this Court's assistance. In addition to his knowledge of the hacking of Mr. Azima, Mr. Handjani's knowledge of the obstruction of justice scheme, which included purposefully misleading the English High Court, will be relevant to the upcoming trial in England and will be a subject of the discovery that Mr. Azima seeks in these proceedings. Mr. Page's affidavit is further proof that Mr. Handjani holds discoverable evidence relevant to the UK proceedings, and the Court should consider Mr. Page's affidavit as it weighs in favor of granting Mr. Azima's application for discovery under 28 U.S.C. § 1782.

I.  **BRIEF OVERVIEW OF THE STATUS OF THE UK PROCEEDINGS**

As discussed in Mr. Azima's application, (ECF No. 2), the pending foreign proceeding (the "UK Proceeding") is a counterclaim brought by Mr. Azima against the Ras Al Khaimah Investment Authority ("RAKIA") and others. The counterclaim alleges that RAKIA and others hacked Mr. Azima and used the hacked data against Mr. Azima. *See* ECF No. 5 at 2-7. In an initial trial in January 2020, Mr. Page testified as a witness for RAKIA and claimed that RAKIA had innocently found links to Mr. Azima's stolen data on the internet through a journalist (Majdi Halabi) carrying out web searches. Mr. Page now recants his prior testimony, admits that he misled the UK court, and explains that a cover story about the hacked data was concocted by RAKIA and its agents – including its lawyers Neil Gerrard of Dechert LLP and David Hughes of Stewarts Law – in an elaborate effort to hide the truth: That RAKIA and its agents were engaged in hacking. Ex, 2 ¶¶ 9-16, 32-41. That affidavit was filed with the UK Supreme Court this week.[1]

---

[1] Mr. Azima's counterclaim was initially stayed pending the first trial in the UK. Despite finding RAKIA's evidence to be untrue regarding how it came into possession of Mr. Azima's stolen data, the trial court dismissed Mr. Azima's counterclaim. ECF No. 5 at 2-3. However, in March 2021, the Court of Appeal ruled that Mr. Azima's hacking claim needed to be remitted to the trial court to be retried. *Id.* at 3. Mr. Azima then sought permission to appeal a different part of the Court of Appeal's ruling to the Supreme Court of the United Kingdom. *See* Ex. 1. This week, on January 10, 2022, as part of his Supreme Court appeal, Mr. Azima filed an application for

2

## II.  STUART PAGE'S RECENT AFFIDAVIT ALLEGING OBSTRUCTION OF JUSTICE AND HACKING

The recent affidavit of Mr. Page not only confirms RAKIA's use of hackers but also makes startling allegations of witness tampering, obstruction of justice, and perjury in the UK Proceedings at the hands of RAKIA's lawyers, Mr. Gerrard and Mr. Hughes.  Mr. Page details in his affidavit meetings of at least three trial witnesses to concoct and then rehearse their false testimony relating to the hacked data.  Ex. 2 ¶¶ 36-41.  To finalize their false story, Mr. Page states that Dechert's, Mr. Gerrard, led what amounts to a perjury school, where he trained the trial witnesses on how to deceive the court in the UK.  Id. ¶¶ 46-53.  The perjury school was held at a remote location in Switzerland, and, to ensure "maximum security and secrecy," the conspirators left their mobile devices at home and communicated with burner phones.  Id. ¶¶ 47, 50.  Mr. Gerrard acted as both the judge and cross-examining counsel across multiple days, saying "if they ever believe or prove that we were behind the hacking, then this thing is going to drag on for years."  Id. ¶ 53.  Dechert LLP is a major international law firm that recently revealed that it issued its partner Mr. Gerrard at least 20 mobile devices over a 4-year period between 2013 and 2017, thereby facilitating Mr. Gerrard's secrecy during a critical period relevant to the English proceeding.  Dechert claimed that Mr. Gerrard's mobile devices were repeatedly lost, stolen or malfunctioning so as to justify replacement.  See Ex. 3 (list of telephones used by Mr. Gerrard and other Dechert employees attached to filing in the UK alleging that the Dechert attorneys engaged in torture).

---

permission to adduce fresh evidence in support of his appeal.  Id.  That new evidence is the affidavit of Stuart Page, which not only makes clear that RAKIA used hackers to illegally obtain stolen data, but also describes in detail a scheme to defraud the UK court through a conspiracy to intentionally offer false testimony.  See Ex. 2.

Mr. Page also provides details regarding the elaborate efforts that were made to target perceived enemies of RAK, including strategy meetings attended by Handjani that took place in New York every 4-6 weeks to discuss RAKIA's investigation and litigation.  Ex. 2 ¶ 30.  Those meetings were also attended by Andrew Frank, who founded New York-based KARV Communications where Handjani works, and Gerrard, who at times operated out of Dechert's New York office.  *Id.*  Mr. Page's affidavit confirms that the efforts undertaken by RAKIA also included hacking.  Mr. Page states that he worked with a former Israeli intelligence officer, Amit Forlit of Insight, to assist with Page's work for RAKIA.  *Id.* ¶ 9.  Mr. Page understood that Insight employed hacking techniques.  *Id.* ¶¶ 11-13.  Forlit is reportedly "close to" Aviram Azari, who is currently in custody in New York facing criminal charges relating to hacking.[2]  Representatives of RAKIA were provided reports that included extracts from confidential documents that seemed obvious to Page to have been obtained through unauthorized access to computers.  Ex. 2 ¶¶ 14-16.  The discovery Mr. Azima seeks from Mr. Handjani will explore his knowledge and involvement in the reports containing hacked material, and his knowledge and relationship with Mr. Forlit and Mr. Azari.

This newly revealed racketeering activity – including not just illegal hacking but also obstruction of justice – was undertaken by a large group of conspirators who worked closely with Mr. Handjani.  Mr. Handjani is both a close confidant of the Ruler of RAK and a US businessman who furnished his services to RAK via KARV Communications, a New York company.  Mr. Handjani also served as a point of contact between Mr. Page and RAKIA. Ex. 2

---

[2] *See BellTrox works on same hacking contracts as ancestor Appin*, Intelligence Online, Issue 859, (August 26, 2020), https://www.intelligenceonline.com/corporate-intelligence/2020/08/26/belltrox-works-on-same-hacking-contracts-as-ancestor-appin,109602044-art; Raphael Satter and Christopher Bing, *Israeli charged in global hack-for-hire scheme wants plea deal – court filing*, Reuters (June 30, 2021), https://www.reuters.com/technology/israeli-charged-global-hacker-for-hire-scheme-wants-plea-deal-court-filing-2021-06-30/

¶ 55-59; *see also* ECF No. 3 at 4; ECF No. 5 at Ex. D (emails relating to instructions from RAK's Ruler to Mr. Handjani and others to "target" and "go after" Mr. Azima) and ECF No. 3 at 5-6; ECF No. 5 at Ex. G (emails to Mr. Handjani and others purporting to break the news that Mr. Azima's hacked data was available on the internet).

### III.   MR. PAGE'S REVELATIONS MAKE THE BASIS FOR DISCOVERY OF MR. HANDJANI EVEN STRONGER

Mr. Handjani has argued that this Court should not order him to provide documents and sit for a deposition in part because he already testified at Mr. Azima's first trial.  ECF No. 11 at 11-13.  Of course, that trial has now been set for a re-trial after a successful appeal.  Moreover, in light of the revelations in Mr. Page's affidavit that RAKIA's solicitors coordinated a perjury school in which they rehearsed false testimony to be given at trial by multiple witnesses, the testimony of all RAKIA witnesses is now suspect, and Mr. Handjani is no exception.  Though the UK trial court found that RAKIA's story about how it obtained Mr. Azima's stolen documents was untrue, it did not learn of the depth and breadth of the false testimony or the extent to which RAKIA and its lawyers went to cover up their illegal activities.

Moreover, Mr. Page's new evidence demonstrates that Mr. Handjani served as a key advisor who attended meetings of the conspirators.  Mr. Handjani took part in regular meetings with Mr. Gerrard and others in New York to discuss RAKIA's investigation and litigation.  Ex. 2 ¶ 30.  These meetings are relevant to the UK Proceedings and Mr. Handjani should be required to provide evidence about them.  Given the prevalent use of burner phones by Mr. Gerrard to cover his tracks and avoid detection while engaged in his racketeering activity, discovery from Mr. Handjani will address not only the contents of the meetings in New York, but also telephone and email communications that he had with Mr. Gerrard and other co-conspirators.

The new evidence of Mr. Page reveals a widespread and prolonged conspiracy by RAKIA and its agents to engage in hacking and obstruction of justice.  As a key advisor to RAKIA, (ECF No. 3 at 6), a participant with Mr. Gerrard at key strategic meetings regarding the investigation and litigation against Mr. Azima and others, (Ex. 2 ¶ 30), and a point of contact between RAKIA and Mr. Page, (*id.* ¶ 55), Mr. Handjani should be required to give evidence in this proceeding. Mr. Azima respectfully requests that this Court consider Mr. Page's new filed affidavit and grant Mr. Azima's pending § 1782 application.

        Respectfully submitted,

Dated:  January 12, 2022        /s/ Calvin Lee
        Calvin Lee
        Miller & Chevalier Chartered
        900 16th Street, N.W.
        Washington, D.C.  20006
        Telephone: (202) 626-5800
        Fax: (202) 626-5801
        E-mail: clee@milchev.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2022, I caused a true and correct copy of Petitioner's Notice of Supplemental Authority of his Application was e-filed by ECF to the following recipient:

David G. Barger
Daniel P. Filor
Greenberg Traurig, LLP
1750 Tysons Boulevard, Ste. 1000
McLean, VA 22102
bargerd@gtlaw.com
filord@gtlaw.com

                                                                           /s/ Calvin Lee
                                                                            Calvin Lee