

Daniel Filor, Esq.
(212) 801-6758
filord@gtlaw.com

January 21, 2022

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re: *Farhad Azima v. Amir Handjani*, No. 21-mc-501 (PGG)

Dear Judge Gardephe:

      We write on behalf of Respondent Amir Handjani in response to Petitioner's Motion for Leave to File Supplemental Materials, dated January 12, 2022 (Dkt. No. 18) (the "Motion"), which purports to provide supplemental information relating to Petitioner's Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (the "Petition"). We respectfully request that the Motion be stricken and denied because it ignores the Court's Individual Rules of Practice ("Rules"), inappropriately attempts to publicly malign third parties, relies on an unsworn foreign affidavit that is inadmissible, and most importantly provides no relevant evidence regarding Respondent Handjani.

      First, procedurally, the Motion ignores the Court's requirements that: (1) a movant file a pre-motion conference letter before filing motion papers (Rule IV.A); and (2) the parties bundle motion papers and not file them until a motion is fully briefed (Rule IV.C). This is grounds for the Court to strike it. *See Spanski Enters., Inc. v. Telewizja Polska S.A.*, No. 19 Civ. 1619 (PGG), 2019 WL 6498257, at *7 (S.D.N.Y. Dec. 2, 2019) (denying cross-motion for summary judgment for failure to comply with pre-motion conference requirement). By contravening these Rules, Petitioner thrusts his irrelevant material into the public domain (which to Respondent's knowledge has not previously been publicly filed), merely to provide an opportunity for press coverage on its unseemly accusations which have nothing to do with Mr. Handjani. Accordingly, the improper Motion should be rejected.

      Second, the Motion should be denied because the material it seeks to add to the record is hearsay that is not admissible under Federal Rule of Evidence 802 and Federal Rule of Civil Procedure 43(c). The proffered affidavit is from an English resident named Stuart Page, who was a counterclaim defendant in Petitioner's English litigation until the Petitioner discontinued the

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

1/21/2022
Page 2

action against him following a settlement on unknown terms with Petitioner. Dkt. 18-2, at ¶ 17. The affidavit was executed in London. It is not apostilled as required for recognition under the Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, art. 5, 33 U.S.T. 883, 1981 WL 375769, which requires a "certificate . . . at the request of the person who has signed the document . . . [to] certify the authenticity of the signature." It does not subject its signatory to U.S. perjury penalties as required under 28 U.S.C. § 1746, which requires a statement that it is "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." It is therefore not an admissible affidavit or declaration under Rule 43(c), and is inadmissible hearsay under Federal Rule of Evidence 802. *See, e.g.*, *Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC*, No. 09-cv-2614, 2011 WL 6329194, at *4 n.2 (E.D.N.Y. Dec. 16, 2011) (explaining that declarations are not admissible unless "sworn to before an officer authorized to administer oaths" or "made under penalty of perjury, pursuant to 28 U.S.C. § 1746"); *In re Barkats*, No. 14-00053, 2014 WL 2993723, at *2 (Bankr. D.D.C. July 3, 2014). The Court should not consider it.

Third, the Motion should be denied because the affidavit is unreliable on its face and in light of the circumstances under which it was given. Mr. Page contends that he provided false testimony to a court in the United Kingdom during a trial. The assertion that he perjured himself undermines his credibility and any purported statements he makes in the affidavit submitted with Petitioner's Motion. Further, Mr. Page's affidavit supporting Petitioner was given following Petitioner's agreement to settle his claims against Mr. Page in England, Dkt. 18-2, at ¶ 17; he does not disclose that fact, or any other terms he has been offered in connection with his testimony. That he is a confessed perjurer (either then or now) who evidently received an undisclosed benefit in exchange for supplying his testimony makes it especially significant that, as noted, that testimony is not given here under penalty of perjury. There is no basis to credit his statements, so the affidavit should be disregarded and the Motion denied.

Fourth, even if Petitioner had abided by the Court's Rules and even if Mr. Page's affidavit were both admissible and credible, the Motion should be denied because the affidavit provides no relevant evidence regarding Mr. Handjani. While Mr. Page now contends that he conspired with others to mislead the English court, he does not allege that Mr. Handjani had anything to do with that conspiracy. He claims that he met with Dechert lawyers multiple times to plan and then coordinate his perjurious testimony, but does not suggest that Mr. Handjani was involved in or knew about those meetings or the planned perjury. With respect to Petitioner's underlying claim, Mr. Page himself asserts no knowledge of where Petitioner's data came from, does not know who did the alleged hacking, and does not contend that his own investigators committed it. He certainly never suggests that Mr. Handjani had any involvement in or knowledge of that hacking.

The affidavit (and the other materials attached to the Motion) also do nothing to undermine the several grounds for denying the Petition that Mr. Handjani outlined in his Opposition. Petitioner's purported supplemental materials do not call into question Mr.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

1/21/2022
Page 3

Handjani's prior testimony in the English action, including as most relevant here, his prior testimony that he had no knowledge of or involvement in any hacking of Petitioner. Dkt. 5-2, Holden Decl. Ex. B ¶ 23. Petitioner's sweeping assertion that the purported conduct described by Mr. Page in his unsworn affidavit provides a basis to reexamine all of RAKIA's witnesses in the English Action (Motion at 5) has no basis in law. The Motion similarly has no bearing on Mr. Handjani's showings that English courts do not provide for pre-trial depositions and that the document discovery requested is unduly burdensome, overbroad, untethered to the facts of Petitioner's claim, and speculative.

      The Motion and its accompanying materials should also be stricken as an abuse of this Court's docket for improper purposes. As noted, the Motion is irrelevant to the Petition, and relies on materials that are patently not admissible as evidence in a U.S. court. This suggests that the filing was not *bona fide* but was instead an effort to launder potentially defamatory material about third parties through the Court's docket in an effort to cloak it in the fair reporting privilege. *See, e.g.*, N.Y. Civ. Rights Law § 74. That abuse of the docket should not be allowed, and the Motion and affidavit should be stricken. *Cf.* Fed R. Civ. P. 12(f).

      Further, the Motion should be stricken because of the meritless liberties that it takes with the affidavit itself. The affidavit recites that Mr. Page was told by an employee of RAKIA that Mr. Handjani attended meetings in New York where investigations and litigation were discussed. That is inadmissible double-hearsay. Even more importantly, there is no allegation that those meetings involved any impropriety. Nevertheless, the Motion baselessly suggests that the affidavit asserts Mr. Handjani had knowledge of illegal conduct. Motion at 1-2. But the affidavit says no such thing – these baseless inferences are spun out of whole cloth by the Petitioner. Petitioner's exaggeration and false implications should be given no weight and disregarded in their entirety, and the Motion should be stricken as scandalous and immaterial.

      For these reasons, we respectfully submit that Petitioner's Motion is improper and irrelevant to the issues before this Court, and therefore should be stricken and denied.

Respectfully submitted,

Greenberg Traurig, LLP

By: /s/ *Daniel P. Filor*
David Barger
Daniel P. Filor
200 Park Avenue
New York, New York 10166
*Attorneys for Amir Handjani*

cc:    Calvin Lee. Esq. (by ECF)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com