IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C. § 1782 of<br><br>FARHAD AZIMA<br><br>               Petitioner,<br><br>        v.<br><br>AMIR HANDJANI<br><br>               Respondent. | No. 21 mc-00501-PGG |

**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MATERIALS IN SUPPORT OF
<u>APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782</u>**

Petitioner Farhad Azima ("Mr. Azima") respectfully submits this Reply in Support of Petitioner's Motion for Leave to File Supplemental Materials. Mr. Azima filed his motion to inform the Court of a development relevant to his pending Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782: an affidavit filed in the UK proceedings by one of the individual defendants, investigator Stuart Page, who testified against Mr. Azima in the first UK trial (the "Page Affidavit"). The Page Affidavit not only describes a widespread fraud on the UK court that infected the entirety of the first trial, including meetings in which the lawyer for the Ras Al Khaimah Investment Authority ("RAKIA") coached witnesses on how to lie to the court, but also makes clear that Respondent Amir Handjani ("Mr. Handjani") was involved in regular meetings in New York with the other defendants to discuss the targeting of Mr. Azima. These not-previously disclosed meetings between Mr. Handjani and the UK defendants to discuss the targeting of Mr. Azima, and the widespread fraud on the UK court in the first trial, both exposed

by the Page Affidavit, provide additional reasons why Mr. Handjani should provide discovery for the UK proceedings.

Mr. Handjani makes various arguments about the form and evidentiary value of the Page Affidavit, but none of those arguments are relevant to Mr. Azima's petition, which is simply seeking the opportunity to obtain discovery in aid of the UK proceeding.  Mr. Azima respectfully requests that the Court grant his Motion for Leave to File Supplemental Materials and to weigh Mr. Page's affidavit in favor of granting Mr. Azima's Section 1782 application.

I.      **MR. AZIMA'S MOTION CONFORMS WITH THE COURT'S RULES.**

As an initial matter, Mr. Handjani's opposition begins by misstating the Court's Individual Rules of Practice in arguing that Mr. Azima's motion is procedurally improper.  In the Court's individual rules, pre-motion conferences and pre-motion conference letters are only required for the following motions: "discovery motions, motions to amend pleadings, motions to file a third-party complaint, motions for sanctions, transfer motions, summary judgment motions, Fed. R. Civ. P. 12 motions, Fed. R. Civ. P. 21 motions, and Fed. R. Civ. P. 42 motions.  *Pre-motion conferences are not otherwise required*."  J. Gardephe R. IV.A (emphasis added).  Mr. Azima's Motion for Leave to File Supplemental Materials is not among any of the enumerated motions in the rule.  This Court's Rule IV.A provides no basis for striking Mr. Azima's motion.

Mr. Handjani suggests that the Page Affidavit was filed with this Court to provide an opportunity for press cover of Mr. Page's "unseemly accusations."  It is true that the allegations in the Page Affidavit of a massive, coordinated fraud on the court coordinated by opposing counsel are unseemly, and it is not surprising that the press found the allegations to be shocking and newsworthy.[1]  However, Mr. Azima filed the Page Affidavit because it is directly relevant to

---

[1] *See*, e.g., Kate Beioley, *Hacked emails and torture claims: how top lawyer Neil Gerrard became engulfed in serious allegations*, Financial Times, (Jan. 19, 2022), https://www.ft.com/content/33002414-

this pending petition.  As detailed below, by revealing the existence of the massive perjury scheme, the Page Affidavit undermines all of the testimony put on by RAKIA in the first trial.  In addition, the Page Affidavit reveals that Mr. Handjani participated with the UK defendants in meetings in New York to target Mr. Azima.  Those meetings were not previously disclosed by Mr. Handjani or the UK defendants.  Both of these revelations significantly undermine Mr. Handjani's arguments that he should not have to provide discovery simply because he already testified in the first UK trial. It was therefore appropriate for Mr. Azima to file this motion so that the Court could consider the Affidavit along with Mr. Azima's petition.

## II. MR. HANDJANI'S FORMALISTC OBJECTIONS TO MR. PAGE'S AFFIDAVIT ARE INAPPOSITE FOR A MOTION FOR DISCOVERY.

Mr. Handjani objects to the form of the Page Affidavit, which is a UK affidavit filed with the UK Supreme Court.  Mr. Handjani's objection that this UK affidavit does not conform with New York rules is based on a footnote in *Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC*, No. 09-cv-2614, 2011 WL 6329194, at *4 n.2 (E.D.N.Y. Dec. 16, 2011), but the footnote only describes the requirements for declarations "[t]o be admissible in a summary judgment proceeding." This is neither a US trial nor is it a summary judgment motion.[2]  Mr. Azima's motion is one to supplement the record on a discovery application to aid a UK proceeding. The Page Affidavit was filed in the UK Supreme Court and relates to new developments directly relevant to that UK proceeding.  It is clearly relevant, of proper form, and should be considered by the Court.

---

4a9c-4ffd-86af-41b46bf59f22; Sam Tobin, *Ex-Dechert partner alleged to have put investigator through 'perjury school'*, The Law Society Gazette, (Jan. 19, 2022), https://www.lawgazette.co.uk/news/ex-dechert-partner-alleged-to-have-put-investigator-through-perjury-school/5111201.article.

[2] Even Mr. Handjani's own cited case states that "the Court has broad discretion to overlook" affidavits deficient under Rule 56.1.  *Taylor & Fulton Packing, LLC*, 2011 WL 6329194, at *4 n.2.

3

### III. MR. PAGE'S AFFIDAVIT DIRECTLY REFERENCES MR. HANDJANI'S REGULAR INTERACTIONS WITH THE DEFENDANTS IN THE UK COUNTERCLAIM.

The Page Affidavit directly identifies Mr. Handjani as a regular attendee of previously undisclosed meetings with Neil Gerrard and Jamie Buchanan – two of the defendants in Mr. Azima's UK Counterclaim – in New York to discuss actions to be taken by the UK defendants and their co-conspirators against Mr. Azima. The targeting of Mr. Azima by RAKIA and Dechert will be relevant to the UK proceedings, and the Page Affidavit suggests that Mr. Handjani has percipient evidence relevant to that proceeding.

Mr. Handjani reiterates his argument that because he previously testified in the UK for RAKIA, he should be exempt from providing a Section 1782 deposition. In fact, the opposite is true. This action seeks to obtain evidence for the re-trial of the case in which Mr. Handjani testified. If he was relevant at the first trial, he is relevant for the second. Furthermore, the Page Affidavit reveals meetings in the United States with alleged conspirators Mr. Gerrard and Mr. Buchanan, in which the men discussed a strategy to target Mr. Azima. These meetings are relevant to the UK proceedings and were not previously disclosed by Mr. Handjani, which demonstrates the need for discovery to aid the UK proceedings. The Page Affidavit also demonstrates that RAKIA's UK case was built upon an elaborately constructed lie. With RAKIA's entire case suspect as a result of a multi-witness conspiracy to defraud the UK courts in the first trial and new information that Mr. Handjani participated directly with the conspirators to target Mr. Azima, Mr. Handjani's reliance on his prior testimony during the original contaminated (and now reversed) UK trial to avoid Section 1782 discovery rings hollow.

Finally, Mr. Handjani argues that the Page Affidavit should not be given proper weight by the Court because some portions of the affidavit are hearsay and because Mr. Page has admitted to perjury. Mr. Handjani misses the point about Mr. Page's admitted perjury: Mr. Page

4

now admits that he and multiple other RAKIA witnesses committed widescale perjury on the UK court at the direction of Dechert LLP partner Neil Gerrard, who was working for RAKIA in its case against Mr. Azima.  Moreover, this application is not in the context of a US trial but rather a petition seeking aid of the US courts for discovery in a UK trial, which federal statute and the Second Circuit counsels district courts are in favor of granting.  *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d. Cir. 1995) (reversing district court's denial of Section 1782 petition because the "statute's underlying policy should generally prompt district courts to provide some form of discovery assistance").

## IV.     CONCLUSION.

For the reasons described in this motion and in Mr. Azima's petition, Mr. Handjani should be required to give evidence in the UK proceeding.  Mr. Azima respectfully requests that this Court consider the facts alleged in the Page Affidavit and grant Mr. Azima's pending Section 1782 application.

                                        Respectfully submitted,

Dated:  January 28, 2022            /s/ Calvin Lee
                                        Calvin Lee
                                        Miller & Chevalier Chartered
                                        900 16th Street, N.W.
                                        Washington, D.C.  20006
                                        Telephone: (202) 626-5800
                                        Fax: (202) 626-5801
                                        E-mail: clee@milchev.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, I caused a true and correct copy of Petitioner's Notice of Supplemental Authority of his Application was e-filed by ECF to the following recipient:

David G. Barger
Greenberg Traurig, LLP
1750 Tysons Boulevard, Ste. 1000
McLean, VA 22102
bargerd@gtlaw.com

Daniel P. Filor
Greenberg Traurig, LLP
1 Vanderbilt Avenue
New York, NY 10017
filord@gtlaw.com

                                                  /s/ Calvin Lee
                                                   Calvin Lee