IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C.§ 1782 of <br><br> FARHAD AZIMA <br><br> Petitioner, <br><br> v. <br><br> AMIR HANDJANI <br><br> Respondent. | No. 21 mc-00501-PGG |

**PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
MATERIALS IN SUPPORT OF
<u>APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782</u>**

Petitioner Farhad Azima ("Mr. Azima") respectfully submits this Motion for Leave to File Supplemental Materials to inform the Court of a development relevant to his pending Application for Order to Take Discovery Pursuant to 28 U.S.C. § 1782, filed on June 29, 2021. *See* ECF No. 2. Recent filings in a related case include a witness statement that Respondent Amir Handjani was directly involved in overseeing the hacking of a law firm representing an associate of Mr. Azima and received the spoils of the hacking in a report. Another witness statement filed in the same proceeding shows that, around the same time, others investigating Mr. Azima on behalf of RAKIA were instructed to destroy and sanitize documents related to Mr. Azima. Mr. Handjani has repeatedly argued to this court that he should not have to give evidence for the retrial of Mr. Azima's hacking claim because he already testified that he was not involved in the hacking. Mr. Handjani's intimate involvement in the hacking of lawyers of a related party, and the parallel instructions to other investigators to destroy documents, undermine

his prior testimony and is further support for the need to obtain discovery from him as part of Mr. Azima's case.

The new information comes from witness statements of investigator Stuart Page and investigator Paul Robinson filed in the UK matter captioned *Stokoe Partnership Solicitors -v- Mr Patrick Tristram Finucane Grayson, Grayson + CO Limited, Dechert LLP and Mr David Neil Gerrard,* Claim Number: QB-2020-002492 (the "Stokoe Proceedings"). In his witness statement, Mr. Page revealed that in early February 2020, during the first trial between Mr. Azima and RAKIA in the UK, Mr. Handjani, Mr. Page, and Dechert LLP partner Neil Gerrard met to discuss steps they could take to determine how Mr. Azima, Stokoe (representing Karem Al Sadeq, *see* ECF No. 15 at Ex. A), and others were funding their litigation against Mr. Gerrard, Dechert LLP, and their client the Emirate of Ras Al Khaimah ("RAK"). *See* Exhibit A Declaration of Dominic Holden at Exhibit 2 ¶ 25 (Third Witness Statement of Mr. Stuart Page dated Feb. 7, 2022) (hereinafter "Holden Decl."). These steps included hacking (or "SIGINT"), and Mr. Page engaged Israeli hacker Amit Forlit to conduct the investigation, and Mr. Handjani was one of the small number of people who saw the report Mr. Forlit prepared. *Id.* ¶¶ 7, 11, 27-32.

Also filed in the Stokoe Proceedings was a witness statement from another investigator, Paul Robinson. Mr. Robinson explained that he had undertaken various engagements for Nicholas Del Rosso, including gathering information about Mr. Azima. Mr. Robinson received his instructions from Patrick Grayson and understood those instructions to be on behalf of Mr. Del Rosso. In June 2020, Mr. Grayson directed Mr. Robinson to destroy and sanitize any material that could connect Mr. Grayson or Mr. Del Rosso to the investigation of Mr. Azima carried out by Mr. Robinson. *See* Holden Decl. ¶ 6-7, Exhibit 3. These instructions for

2

investigators working for RAKIA to sanitize and destroy documents occurred at or around the same time as Mr. Handjani's instructions to Mr. Page to investigate the litigation funding.

Mr. Handjani's intimate involvement in the decision to investigate the funding of Mr. Azima and Mr. Al Sadeq, including through hacking, is highly relevant to Mr. Azima's counterclaim in *Mr Farhad Azima -v- RAKIA & Ors* (Claim No.: HC-2016-002798) ("the UK Proceedings"). Mr. Page's witness statement demonstrates that Mr. Handjani was involved in the decision by RAKIA and Dechert to use hackers against their enemies. The witness statement demonstrates knowledge of the hackers and hacking techniques used by RAKIA and Dechert, which will be relevant to the upcoming trial in the UK Proceedings. In addition, Mr. Robinson's witness statement shows that Mr. Handjani's instructions to Mr. Page came at the same time as instructions for other investigators to destroy documents. Taken together, these witness statements suggest that Mr. Handjani instructed hackers for RAKIA at the same time others working for RAKIA were receiving instructions to destroy documents. Given his role in directing the hackers, it is likely that Mr. Handjani also would have been involved in instructions to destroy and sanitize documents. Both the instruction of hackers, and the orders to destroy documents will be relevant to the UK Proceedings. Thus, the witness statements of Mr. Page and Mr. Robinson are further proof that Mr. Handjani holds discoverable evidence relevant to the UK Proceedings. The Court should strongly weigh these documents in favor of granting Mr. Azima's application for discovery under 28 U.S.C. § 1782.

I.  **BRIEF OVERVIEW OF THE STATUS OF THE STOKOE PROCEEDINGS**

As discussed in Mr. Azima's prior Notice of Supplemental Authority filed on November 4, 2021, Stokoe Partnership Solicitors represents Mr. Karem Al Sadeq in his UK claim against Dechert LLP, Mr. Gerrard, and other Dechert LLP lawyers for violations of his human rights.

ECF No. 15 at 2.  In addition, Stokoe has brought separate proceedings against Dechert LLP, Mr. Gerrard, Mr. Page, and others, alleging that after Stokoe brought the claims on behalf of Al Sadeq, hackers working for RAKIA hacked their firm's database and bank accounts.  *Id.*  Stokoe has since settled with Mr. Page and on February 7, 2022, the witness statements of Mr. Page and Mr. Robinson were filed with the UK court.  Holden Decl.¶ 5-6, Exs. 2-3.

    **II.**    **THE PAGE AND ROBINSON WITNESS STATEMENTS INDICATE THAT MR. HANDJANI INSTRUCTED RAKIA'S HACKERS AND RECEIVED REPORTS INCLUDING HACKING.**

Mr. Page's witness statement directly refutes Mr. Handjani's attempts to minimize his involvement with RAKIA's hackers.  According to the witness statement, it was Mr. Handjani who, after obtaining Mr. Page's phone number in court during Mr. Azima's first trial, asked Mr. Page to join him and Mr. Gerrard for a meeting at a coffee shop on or about February 1, 2020.  *See* Holden Decl. at Ex. 2 ¶ 25.  That meeting was followed by a second meeting between Mr. Handjani, Mr. Gerrard, and Mr. Page at the Royal Automotive Club in London, where Mr. Gerrard was a member.  At the RAC meeting, Mr. Handjani and Mr. Gerrard gave Mr. Page instructions to "find out who is funding all of this" litigation against RAKIA and Dechert.  *Id.* ¶ 26.  Mr. Page then ordered hacker Mr. Amit Forlit of Insight to investigate the funding source.  *Id.* ¶ 27.  After Mr. Forlit undertook the investigation, which included hacking, Mr. Page sent Mr. Forlit's report to Mr. Handjani directly through the Signal encrypted messaging application, while Mr. Page clandestinely provided Mr. Gerrard with his copy of the report at a gas station.  *Id.* ¶ 30.  Mr. Page said in his witness statement that Mr. Gerrard was extremely "sensitive about who saw this report," and Mr. Gerrard apparently considered Mr. Handjani one of the few able to possess it.  *Id.* ¶ 29.

In addition, Mr. Robinson's witness statement demonstrates that, around the same time as Mr. Handjani's instructions to Mr. Page regarding the investigation of funding, other

4

investigators hired by RAKIA were being instructed to destroy and sanitize documents that could be relevant to the UK Proceedings.  Given the facts revealed in Mr. Robinson's witness statement, it is likely that Mr. Handjani not only instructed RAKIA's hackers but was also involved in the widespread cover-up by RAKIA, Dechert, and their agents.  Both the instruction of Mr. Page to investigate Mr. Azima, as well as the instructions to destroy and sanitize documents, will be relevant to the UK Proceedings and should be the subject of discovery.

### III. THE NEW WITNESS STATEMENTS REQUIRE THE START OF DISCOVERY OF MR. HANDJANI AS SOON AS POSSIBLE.

These two witness statements give further weight to the fourth factor from *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004) in favor of granting Mr. Azima's application because they increase the certainty that Mr. Handjani holds relevant discovery subject to Mr. Azima's narrowly tailored requests.  Mr. Page's witness statement shows that Mr. Handjani was intimately familiar with the hackers used by RAKIA and Dechert and was in the inner circle of individuals who were permitted to review the hacking work product.  The recent Page witness statement notes that at the same February 2020 meeting where Mr. Handjani and Mr. Gerrard ordered the hack of Stokoe, they also discussed "the funding of the Azima proceedings [which] had been a topic of conversation for a number of years by that point."  *See* Holden Decl. at Ex. 2 ¶ 26.  Mr. Handjani's actions in the Stokoe litigation also cast suspicion on the regular strategy meetings he held with Mr. Gerrard every four to six weeks in New York to discuss attacking Mr. Azima.  *See* ECF No. 18 at 4.

In his previous filings to this Court, Mr. Handjani argued that because he gave prior testimony in the earlier litigation regarding Mr. Azima's hacking – which has now been remanded for an entirely new trial – he should not be subject to further discovery.  *See* ECF No. 19 at 2-3.  But Mr. Page's allegations that Mr. Handjani was directly involved in the instruction

of the hackers cast doubt on Mr. Handjani's prior courtroom testimony that he was never involved in any such activity.  Mr. Page's witness statement also reveals post-trial conduct by Mr. Handjani, together with Mr. Gerrard, that is highly relevant to Mr. Azima's counterclaim retrial but would not have been available at the initial proceedings.  Indeed, the very report that Mr. Handjani received from Mr. Forlit through Mr. Page would be subject to Mr. Azima's document requests in his pending application for discovery.

Mr. Robinson's witness statement also demonstrates the need to proceed quickly with discovery against Handjani.  As explained in previous filings, other evidence has shown that RAKIA, Dechert, and their agents were engaged in a widespread conspiracy to commit fraud on the UK court.  *See* ECF No. 18.  Mr. Robinson's witness statement further underscores the steps taken by those dealing with the hackers – which would have included Mr. Handjani – to destroy documents and mislead the court.  It is therefore important to proceed to discovery against Mr. Handjani immediately.

Mr. Handjani has at times served as an advisor to RAKIA, (*see* ECF No. 3 at 6), senior advisor at KARV Communications, (*id.*), a participant with Mr. Gerrard at key strategic meetings regarding the investigation and litigation against Mr. Azima and others, (*see* ECF No. 18 at 4), and a point of contact between RAKIA and Mr. Page (Holden Decl. at Ex. 2 ¶ 25).  Mr. Page's witness statement reveals that Mr. Handjani instructed Mr. Page's work with hackers and reviewed their work product.  Mr. Handjani should be required to give evidence in this proceeding.  Mr. Azima respectfully requests that this Court consider Mr. Page's and Mr. Robinson's newly filed witness statements and grant Mr. Azima's pending § 1782 application.

Respectfully submitted,

Dated: March 14, 2022                    /s/ Calvin Lee
                                         Calvin Lee
                                         Miller & Chevalier Chartered
                                         900 16th Street, N.W.
                                         Washington, D.C.  20006
                                         Telephone: (202) 626-5800
                                         Fax: (202) 626-5801
                                         E-mail: clee@milchev.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, I caused a true and correct copy of Petitioner's Notice of Supplemental Authority of his Application was e-filed by ECF to the following recipient:

David G. Barger
Daniel P. Filor
Greenberg Traurig, LLP
1750 Tysons Boulevard, Ste. 1000
McLean, VA 22102
bargerd@gtlaw.com
filord@gtlaw.com

                                                       /s/ Calvin Lee
                                                        Calvin Lee