

Daniel Filor, Esq.
(212) 801-6758
filord@gtlaw.com

March 20, 2022

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    *Farhad Azima v. Amir Handjani*, No. 21-mc-501 (PGG)
              Respondent's Opposition to and Motion to Strike
              Petitioner's Second Motion to Supplement

Dear Judge Gardephe:

      We represent Respondent Amir Handjani in the above-captioned matter. We write in response to oppose Petitioner Farhad Azima's latest motion to supplement the record (Dkt. No. 21), in which Petitioner asks the Court to take cognizance of irrelevant foreign witness statements made in the matter of *Stokoe Partnership Solicitors v. Patrick Grayson*, No. QB – 2020-002492, High Court of Justice, Queen's Bench Division (England), an unrelated English litigation brought by a different plaintiff, against a different defendant, and involving different claims.

      For the reasons set forth below, the Court should deny the motion and strike Azima's brief because it defames Mr. Handjani while scandalously misstating what the underlying evidentiary material shows. Azima falsely claims that his purported evidence shows that Mr. Handjani was involved in hacking an English law firm. Dkt. No. 21 at 1. But his new foreign affidavits do not say anything of the sort, and his objectively baseless claim that Mr. Handjani—a former DOJ attorney—had any involvement in any hacking is unsupported, false, and defamatory. Because the memorandum's scandalous accusations have no record support, the memorandum should be struck and the motion should be denied.

* * *

      This is Petitioner's second improper motion to supplement the record in support of his application to take discovery under 28 U.S.C. § 1782. The earlier motion sought leave to submit the affidavit of an individual named Stuart Page, who was formerly a defendant in Azima's English litigation but who settled with Azima and now appears to have aligned himself with him.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

3/20/2022
Page 2

Mr. Handjani explained that the first motion violated this Court's rules, and that the new evidence in that instance was inadmissible in these proceedings and was anyway irrelevant. Mr. Handjani further explained that Azima's memorandum of law in that motion mischaracterized the Page affidavit on which it relied: Azima falsely contended that the affidavit implicated Mr. Handjani in tortious conduct, when in fact it did not.

Notwithstanding that Mr. Handjani put Azima on notice of such defects in his last improper motion, Azima's new motion suffers again from all of these same defects. First, its filing violates this Court's Individual Practices, for the same reasons set out in Mr. Handjani's objection to Azima's prior motion to supplement, which Mr. Handjani incorporates by reference here in order to avoid repetition. Dkt. 16. Second, neither of the new affidavits are admissible because they are hearsay, are not apostilled, and do not subject their signatories to U.S. perjury penalties pursuant to 28 U.S.C. ¶ 1746. And as with the prior Page affidavit, this new Page affidavit is unreliable—and the lack of perjury jeopardy is more significant—because Page is a self-admitted pre-meditated perjurer. Dkt. No. 19 at 2.

The Motion should, in any event, be denied because the submitted materials do nothing to implicate Mr. Handjani in Azima's claims that he was hacked. To be clear, the allegations in these new materials do not facially relate to Azima's litigation or to his claims. These are affidavits about recent events, submitted in a litigation brought by the law firm representing a different individual in a wholly separate litigation relating to events from 2020, four years after Azima claims to have been hacked.

But even if that other litigation had any relevance to Azima's case, the new affidavits simply do not say what Azima says they say. Azima claims repeatedly that these affidavits show that Mr. Handjani "was directly involved in overseeing the hacking of a law firm representing an associate of Azima" and was involved in a related "cover-up." *See* Dkt. 21 at 1, 3, 5. His English lawyer, who presumably knows better, shamefully repeats the same libel. Dkt. 21-1 at ¶ 5. But the affidavits do not say this, or anything close. Page's affidavit says only that Mr. Handjani attended a 2020 breakfast meeting at which Page and a Dechert litigator talked about who might be funding Azima's (incredibly aggressive) litigation efforts; and that Page, an investigator, later gave Mr. Handjani a report concerning RAK-related litigation. Dkt. 21-3 at ¶¶ 26, 29-31. Nothing there suggests or even hints that Mr. Handjani had anything to do with hacking. As for the new Robinson affidavit, that does not even mention Mr. Handjani. *See* Dkt. 21-4. Nor, incidentally, does it show or suggest that the law firm at issue in the *Stokoe* case was hacked at all. The affidavits thus do nothing to suggest that anyone was hacked, or that Mr. Handjani has ever had anything to do with hacking anyone. They certainly do not call into question Mr. Handjani's prior sworn testimony that he had no knowledge of or involvement in Azima's alleged hacking incident in 2016. *See* Dkt. 5-2. In sum, nothing in the new motion bears on the question whether Azima should be allowed to burden Mr. Handjani with irrelevant, desperate and speculative discovery requests and a duplicative deposition. *See* Dkt. No. 11.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

3/20/2022
Page 3

  For these reasons, we respectfully submit that Petitioner's Motion is improper and irrelevant to the issues before this Court, and therefore should be denied and stricken.

              Respectfully submitted,

              Greenberg Traurig, LLP

              By: /s/ *Daniel P. Filor*
              David Barger
              Daniel P. Filor
              200 Park Avenue
              New York, New York 10166
              *Attorneys for Amir Handjani*

cc: Calvin Lee. Esq. (by ECF)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com