IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C. § 1782 of<br><br>FARHAD AZIMA<br><br>Petitioner,<br><br>v.<br><br>AMIR HANDJANI<br><br>Respondent. | No. 21 mc-00501-PGG |

**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN SUPPORT OF**
<u>**APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**</u>

Petitioner Farhad Azima's pending Motion for Leave to File Supplemental Materials provides the Court with two new witness statements that discuss the investigation of Mr. Azima and provide further support for Petitioner's request for discovery from Respondent Amir Handjani. Mr. Handjani opposes supplementation of the record by making procedural arguments[1], arguing that that the affidavits do not connect Mr. Handjani with hackers, and pointing to his prior testimony in the U.K. proceedings.[2] ECF No. 24 at 2.

The witness statements show both that Mr. Handjani played a key role in overseeing the investigation of Mr. Azima and that investigators were instructed to destroy documents. This investigation and the related hacking is the subject of the UK proceedings for which Mr. Azima

---

[1] Mr. Handjani also raises the same procedural arguments that he raised in his previous response. Mr. Azima addressed Mr. Handjani's misapplication of both the Court's Rules of Individual Practice and trial evidentiary standards in his prior reply and incorporates his prior arguments by reference. *See* ECF No. 20.

[2] Mr. Handjani's prior UK testimony demonstrates that he possesses information relevant to the re-trial of Mr. Azima's hacking claims. Mr. Handjani was relevant to the first trial, and obviously remains relevant to the re-trial.

seeks discovery from Mr. Handjani. The witness statements are therefore plainly relevant and make it even more clear that Mr. Handjani possesses relevant information and should be ordered to provide discovery to aid the UK proceeding.

Mr. Page's witness statement places a report prepared by the hackers squarely in Mr. Handjani's hands. Like his earlier affidavit, (ECF No. 18 at Ex. 2), Mr. Page's latest witness statement provides new information of Mr. Handjani's activities both prior to and after the UK trial that are highly relevant to Mr. Azima's claims.

The witness statement of Stuart Page says the following, none of which Mr. Handjani disputes:

- Mr. Handjani met with Mr. Page and Dechert LLP partner Neil Gerrard for breakfast in February 2020. ECF No. 21 at Ex. 2 ¶ 25.
- At that meeting, Mr. Handjani and Mr. Gerrard directed Mr. Page to find out who was funding the litigation. *Id*. ¶ 26.
- Mr. Page then instructed Amit Forlit, an Israeli hacker, to investigate the funding. *Id*. ¶ 27
- Mr. Forlit produced a report based at least in part on his hacking efforts, which Mr. Page sent to Mr. Handjani on Signal. *Id*. ¶ 30.

Mr. Page's latest witness statement now confirms that Mr. Handjani was responsible for directing Mr. Page to create at least one of those reports containing hacked data and suggests that he was involved in the creation of similar reports about Mr. Azima.

Similarly, the Paul Robinson affidavit (ECF No. 21 at Ex. 3) shows the investigators used by RAKIA were given instructions to destroy documents. As discussed above, it is now clear that Mr. Handjani was one of the individuals responsible for instructing the investigators and he

should be ordered to provide documents and sit for a deposition about his knowledge of the investigators, including any instructions to destroy documents.

As Mr. Azima has previously noted, Mr. Handjani's prior UK testimony alone establishes that he possesses relevant information for the re-trial.  However, these recent witness statements make the scope of that relevant information even more clear and further confirm that Mr. Handjani should provide discovery in aid of the UK proceeding.  For these reasons, and the reasons stated in Mr. Azima's prior briefing, the Court should permit Mr. Azima to take the requested discovery.

                                                      Respectfully submitted,

Dated:  March 28, 2022                /s/ Calvin Lee
                                                      Calvin Lee
                                                      Miller & Chevalier Chartered
                                                      900 16th Street, N.W.
                                                      Washington, D.C.  20006
                                                      Telephone: (202) 626-5800
                                                      Fax: (202) 626-5801
                                                      E-mail: clee@milchev.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I caused a true and correct copy of Petitioner's Reply in Support of Motion for Leave to File Supplemental Materials was e-filed by ECF to the following recipient:

David G. Barger
Greenberg Traurig, LLP
1750 Tysons Boulevard, Ste. 1000
McLean, VA 22102
bargerd@gtlaw.com

Daniel P. Filor
Greenberg Traurig, LLP
1 Vanderbilt Avenue
New York, NY 10017
filord@gtlaw.com

  /s/ Calvin Lee  
    Calvin Lee