UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

~~Plaintiff(s),~~

~~-against-~~

~~Defendant(s).~~

*In re:  Application Pursuant to* 28 U.S.C. § 1782 of

FARHAD AZIMA,

          Petitioner,

v.

AMIR ALI HANDJANI,

          Respondent.

STIPULATED
~~CONFIDENTIALITY AGREEMENT~~
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER

~~Civ~~ No. ~~(~~1:21-mc-00501-PGG~~)~~

---

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, ~~all the parties to this action~~ Petitioner Farhad Azima, filed an application in the above-captioned action (the "Action") pursuant to 28 U.S.C. § 1782 seeking leave to depose Respondent Amir Ali Handjani and to serve a subpoena on him that seeks the production of documents for use in proceedings in the United Kingdom styled *Farhad Azima v. RAKIA, et al.* (Claim No. HC-2016-002798) and *Farhad Azima v. Dechert LLP, et al.* Claim No. BL-2021-000666) (together, the "English Proceedings");

WHEREAS, on July 15, 2022, the Court entered an Order granting Petitioner's

application made under 28 U.S.C. § 1782, and Petitioner has served a Subpoena to Produce Documents, Information, or Objects, or Permit Inspection of Premises in a Civil Action (the "Subpoena") on Respondent;

WHEREAS, the Subpoena requires Respondent to produce documents some of which are likely to contain confidential, proprietary, or private information;

WHEREAS, Petitioner and Respondent (collectively the "Parties" and individually a "Party") request that this Court issue ~~a~~the following protective order ~~pursuant to Federal Rule of Civil Procedure 26(c)~~ to protect the confidentiality of nonpublic and ~~competitively~~ sensitive information ~~that~~ they may need to disclose in connection with discovery ~~in this action~~and to protect documents produced as a result of this Court granting Petitioner's Section 1782 request to use such materials in the English Proceedings in accordance with English law and rules of procedure;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order ~~governing the pretrial phase of this action,~~.

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this ~~action~~Action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this ~~action~~Action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. ~~With respect to~~The Parties shall not disclose "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this

~~action) that a person has designated as~~

~~"Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:~~

~~2.   The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:~~

~~(a)~~   Action, including depositions and deposition transcripts and exhibits) except as permitted under English law and procedure, including but not limited to rule 31.22 of the English Civil Procedure Rules 1998 and Practice Directive 57AC.

2.   The Party or person producing or disclosing Discovery Material ("Producing Party") may designate such Discovery Material as "Confidential Subject to Protective Order" if it reasonably and in good faith believes the Discovery Material consists of previously non-disclosed ~~financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);~~

~~(b)   previously non-disclosed material relating to ownership or control of any~~, non-public ~~company;~~

~~(c)   previously non-disclosed business plans, product-development information, or marketing plans;~~

~~(d)   any information of a personal or intimate nature regarding any individual; or~~

~~(e)   any other category of information this Court subsequently affords confidential status~~information (the "Confidential Discovery Material"). No

2

person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

        3.       With respect to ~~the Confidential portion of~~ any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential Discovery Material" by~~: (a)~~ stamping or otherwise clearly marking it as "Confidential Subject to Protective Order" ~~the protected portion~~ in a manner that will not interfere with legibility or audibility~~; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted~~.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential ~~Information Governed by~~Subject to Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If, at any time before the ~~trial of this action~~Discovery Material is referred to in open court in the English Proceedings in accordance with rule 31.22 of the English Civil Procedure Rules 1998, a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at any hearing or trial of any document, testimony, or other evidence. By agreeing to this Order, no Party admits or acknowledges the existence of any liability or wrongdoing or the existence of any defense.  No inferences may be

4

drawn from this Order in any other litigation or context and nothing said in this Order constitutes an admission of any fact.

    7.  Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order ~~may~~shall not disclose ~~such information only to the following persons:~~

(a) ~~the Parties to this action, their insurers, and counsel to their insurers;~~

(b) ~~counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;~~

(c) ~~outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;~~

(d) ~~any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;~~

(e) ~~as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;~~

(f) ~~any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;~~

(g) ~~any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel~~the Confidential Discovery Material, except to this Court in connection with this action~~, provided such person has first executed a Non-Disclosure Agreement~~ or in the ~~form annexed as an Exhibit hereto;~~English Proceedings as permitted under English law and procedure.

(h) ~~stenographers engaged to transcribe depositions the Parties conduct~~

6

~~in this action; and~~

~~(i) this Court, including any appellate court, its support personnel, and court reporters.~~

8. ~~Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.~~ If any party in the English Proceedings wishes to use Confidential Discovery Materials in the English Proceedings, such party must give notice in writing by email to Mr. Handjani's counsel (David Barger, Daniel Filor and Robert Core) at least seven (7) days in advance of submitting any Confidential Discovery Materials to the English Court or to another party to the English Proceedings. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this Action, the prosecution and defense of the English Proceedings and any appeals thereto. If a party does not reasonably believe that it intends to use Confidential Discovery Materials until less than seven days' notice, that Party agrees to use best efforts to notify the Party to whom the document belongs as soon as possible prior to using the Confidential Discovery Materials, and in no event less than three (3) days in advance of any such use.

9. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal in this Court must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing

of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11. In filing Confidential Discovery Material with this Court or in other 28 U.S.C. § 1782 actions related to the English Proceedings, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy ~~of~~removing the Confidential Discovery Material from the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. If the Petitioner in this action seeks to use any Discovery Material in a different action under 28 U.S.C. § 1782 related to the English Proceedings, Petitioner must provide Respondent at least seven (7) days' notice of such intended use.  If the Parties cannot reach agreement on whether such Discovery Material can be used in another § 1782 action, including with such sealing and redacting requirements of this paragraph, then either may seek relief from this Court.

12. Any Party who objects to any designation of confidentiality may at any time before the ~~trial of this action~~trials in the English Proceedings serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this

Court's Individual Practices.

14. Recipients of Discovery Material including Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this ~~action~~Action, the prosecution and defense of the English Proceedings, and any appeals thereto, and not for any business, commercial, public relations, or competitive purpose or in any other litigation proceeding. The Parties reserve all objections to the use of Discovery Material in any other proceeding, including in litigation in the United States. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this ~~action~~Action or to use its own documents or information as allowed under English law or procedure.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. If Discovery Material subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other protection from or prohibition on discovery or disclosure is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, the attorney work product doctrine, or any other applicable discovery protection or prohibition to which any Party would otherwise be entitled or obligated. Respondent may notify Petitioner, which in turn must notify any other person who received such Discovery Material within two (2) days, of Respondent's claim of inadvertent production at any time.

18. If Respondent informs Petitioner in writing that Respondent has inadvertently produced privileged or otherwise confidential Discovery Material, Petitioner shall not use such Discovery Material for any purpose whatsoever, and it shall have seven (7) days to: (i) return the Discovery Material and all copies thereof to Respondent and destroy all

records of the contents of such Discovery Material; or (ii) notify Respondent in writing of an objection to the claim of privilege or confidentiality, along with the grounds for the objection, and/or an assertion that any privilege has been waived. If Petitioner takes no action within seven (7) days of Respondent informing Petitioner in writing that Respondent has inadvertently produced privileged or confidential Discovery Material, Petitioner shall be deemed to have waived any objection to the claim of privilege or confidentiality. If Petitioner objects to the claim of privilege or confidentiality and/or asserts that the privilege has been waived, Respondent shall meet and confer with Petitioner in a good faith effort to resolve the disagreement. If Petitioner and Respondent are unable to resolve their dispute, within seven (7) business days after they meet and confer, then Petitioner shall provide to Respondent written notice of the dispute, which shall memorialize the attempt to resolve the dispute. Either Party may then move for an order on the status of the Discovery Material within fourteen (14) days after Petitioner provides Respondent written notice of the dispute. If Petitioner takes no action within fourteen (14) days after providing Respondent with written notice of the dispute, Petitioner shall be deemed to have waived any objection to the claim of privilege or confidentiality. Nothing in this Order shall alter or waive the standards and burden applicable to any motion concerning privilege or waiver of privilege. During the pendency of such a motion, Petitioner may retain the disputed Discovery Material and all copies thereof but shall make no further use of it other than is necessary in connection with the proceedings on the motion. Any copy of such Discovery Material submitted to this Court in connection with the motion shall be filed under seal.

19. Upon a determination by the Court that the Discovery Material is privileged, protected work product, or otherwise protected or prohibited from disclosure,

Petitioner and any other person receiving the Discovery Material in dispute shall return the Discovery Material and all copies thereof to Respondent or certify to Respondent in writing that best efforts have been undertaken to destroy all such copies, along with all records of the contents of such Discovery Material.

20. ~~17. Within 60 days of the final disposition of this action – including all appeals – all~~All recipients of Confidential Discovery Material, which retains its Confidential status, must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof within 60 days of the final disposition of the English Proceedings – including all appeals. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material, and may retain an archival copy of any documents made public through use in the English Proceedings. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.  By agreeing to this Order, no Party admits or acknowledges the existence of any liability or wrongdoing or the existence of any defense.  No inferences may be drawn from this Order in any other litigation or context and nothing said in this Order constitutes an admission of any fact.

22. This Order is governed by the laws of the State of New York.  This Court will retain and have exclusive jurisdiction to enforce this Order.

23. This Order constitutes a single integrated agreement that expresses the entire agreement and understanding between, and supersedes all prior agreements or understandings between, the Parties with respect to the matters addressed herein.  There are no representations, warranties, promises, statements, or inducements, whether oral, written, expressed, or implied, that affect the validity of this Order or alter or supplement its terms, and any such representations, etc., not contained in this Order shall not be valid or binding.

24. ~~18.~~ This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom ~~Confidential~~ Discovery Material is produced or disclosed.

25. ~~19.~~ This Court will retain jurisdiction over all persons subject to this Order, including signatories to the Non-Disclosure Agreement, to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

~~Dated:~~_____   ~~Dated:~~

/s/ Calvin Lee
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
E-mail: clee@milchev.com

/s/ David G. Barger
David G. Barger
Greenberg Traurig, LLP
1750 Tysons Blvd, Ste. 1000
McLean, Virginia 22102
Tel. (703) 749-1300
bargerd@gtlaw.com

Daniel P. Filor
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Tel. (212) 801-6758
filord@gtlaw.com

Dated: New York, New York

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **Plaintiff(s),**<br><br>-against-<br><br><br>**Defendant(s).** | **NON-DISCLOSURE AGREEMENT**<br><br>___ Civ. _____ (PGG) |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: